## SAMPSON SHORT v. MILLER & CO.

### ERROR TO THE COURT OF COMMON PLEAS OF MCKEAN COUNTY.

Argued May 3, 1888—Decided May 21, 1888.

1. Under the act of June 16, 1836, P. L. 696, a mechanics' lien may be filed for lumber furnished for and about the construction of buildings constituting the plant of an oil refinery.
2. On the trial of an issue to determine the validity of a mechanics' lien, parol evidence is admissible to show that the material for which the lien was filed was furnished upon the credit of the building and curtilage.
3. Whether a portion of the material so furnished was used in the construction of a fence inclosing the curtilage is immaterial.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 347 January Term 1888, Sup. Ct.; court below No. 220 May Term 1887, C. P.

On April 5, 1887, upon the petition of Sampson Short, a judgment creditor of Childs, Willis & Loomis, the court ordered a feigned issue to try the validity of a certain mechanics' lien entered in favor of Augustus Miller and Peter T. Kennedy, partners as Miller & Co., against R. H. Childs, Wm. Willis and E. R. Loomis, partners as Childs, Willis & Loomis. In the issue as framed, Miller & Co. were plaintiffs, and Sampson Short, defendant.

At the trial on June 21, 1887, P. T. Kennedy was called on behalf of the plaintiffs:

Q. Upon what security and credit did you make this sale? Objected to by the defendant, as being incompetent and irrelevant, there being no evidence that witness participated in the sale.

By the court: Objection overruled.[1]

A. On the credit of their building the refinery and having purchased this piece of land described.

The facts of the case and the questions involved sufficiently appear in the charge of the court, OLMSTEAD, P. J.

This is an issue framed under the law of Pennsylvania to

determine the validity of a mechanics' lien. It seems that Childs, Willis & Loomis, of Kendall borough, were the owners or had possession of a lot of land upon which they built an oil refinery. It is undisputed that they purchased lumber of Miller and Kennedy, under the firm name of Miller & Company, for the use of this refinery, to be used in the construction of the refinery.

Miller & Co. entered this lien against the property under the laws of Pennsylvania. It is not shown in evidence, but that is unquestionably the case, that Childs, Willis & Loomis became embarrassed and there became judgment creditors, and among them was this defendant. An assignment was made by Childs, Willis & Loomis, for the benefit of their creditors, to Alfred Short. The property was sold by the assignee under an order of court and converted into money, and the money was brought into court for distribution. An auditor was appointed by court to distribute this money to the lien creditors, whether by mechanics' lien or judgment lien creditors, as they should be entitled to receive it under the law. This controversy here now originated before the auditor.

It would appear that Miller & Co., the plaintiffs in this case, claimed a part of this money that was in court for distribution by this auditor, on this mechanics' lien; and it would appear that Sampson Short, the defendant in this issue, claimed this money or a part that was in the hands of the auditor, either as a judgment lien creditor, or a mechanics' lien creditor or some other creditor, I don't know what, and it is not important in this case. The auditor made a report to the court upon the subject, stating in effect that these two parties were claiming this money, and an issue was framed under the rules of practice of the court by which the matters involved were to go to the jury for determination, and that is really the question that you are here to try.

The controverted questions in this case are more of law than of fact, and in the view we take of the law of this case, if you find certain facts, and it is fair I should say that those facts are not controverted at all, the plaintiffs, Miller & Co., have a lien on the fund, and your verdict should be for the plaintiffs, if you find the facts that I shall submit to you. It is contended by defendant's counsel that this structure or property

is not such a property as that a lien can be filed against it, and that it is not a subject of a mechanics' lien under the laws of Pennsylvania, and for that reason the plaintiff cannot recover. That is a legal question, and we had the same question before us in a case yesterday, and I can see hardly a shadow of difference between the two cases on that question. And we held yesterday and we now charge you again, that this building is such a structure as is a subject of a mechanics' lien law in the state of Pennsylvania.

Defendant's points:

1. That the property against which the alleged lien is filed is not the subject of a mechanics' lien and that the claim of the plaintiffs cannot be sustained.

Answer: We answer this point in the negative.[3]

2. That as to such portions of said lumber as was used in the construction and erection of the tank house and condenser, and in fencing the land, the plaintiffs cannot recover.

Answer: We cannot affirm that point. As it is put, we answer it in the negative under such general instructions as we shall give to you hereafter on the subject.[4]

[The questions of fact, although they appear from the paper to be quite numerous, resolve themselves into two or three questions. And as we have said to you there doesn't seem to be any controversy between the witnessses or any contradiction of evidence bearing upon them, yet we cannot make a verdict for you. That is to be made by you.] [2]

Now we say to you that if you are satisfied from the evidence that the property was furnished by the plaintiffs as charged in the bill to the extent of some ten or twelve hundred dollars, it is not very material which, on the credit of this structure, this erection, whatever it was; if you find from the evidence that it was furnished to Childs, Willis & Loomis to be used in the construction of this refinery—to be used generally in the construction of this refinery—or was furnished upon their order for that purpose, and went there for that purpose, that the plaintiffs are entitled to recover.

There doesn't seem to be any controversy; Mr. Kennedy and Mr. Miller both testify on the subject, and Mr. Childs is sworn, and I do not understand his evidence to be in the slightest degree in conflict with the testimony of Miller and Kennedy;

they testify alike that this property was purchased for that purpose and it was used for that purpose, except, as Mr. Childs says, that a considerable amount of the lumber, and that amount is not designated and we have no way of ascertaining it, was used in the construction of the fence; and it is claimed by defendant's counsel that there can be no finding for the plaintiffs for that part of the lumber; and also that the lumber was used for other purposes connected with the buildings, two or three buildings that were designated. We do not concur in the view of the counsel for the defendant upon that question. We say to you in a general way that if you find from the evidence that this lumber was furnished to Childs, Willis & Loomis for a general purpose, to be used in the construction there, that no matter if some of it was used in the construction of a fence, a walk or other things that were to some extent incident to the use and occupation of the property for an oil refinery, we say to you that the verdict in the case would be for the plaintiffs.

[And hence we say if you find from the evidence, and there is no conflict in the evidence, that this property was furnished as charged, and in the amount as charged, to this defendant on the credit of the building and went into the buildings in a general way, as it is testified by all the witnesses, that your verdict will be for the plaintiffs, notwithstanding the fact that some of it may have been used in the particular buildings designated in the points of the counsel, and notwithstanding that quite an amount may have been used in the fence.] [2]

Now you see the question for you: If you find as we have said, your verdict will be for the plaintiffs; otherwise for the defendant. If you find this lumber was not furnished or sold for the credit of these buildings, then your verdict would be for the defendant. But you must find that from the evidence.

The jury found the several issues of fact for the plaintiff.* Judgment being entered, the defendant took this writ, assigning as error:

1. The admission of the plaintiffs' offer.[1]
2. The parts of the charge embraced in [ ] [2]
3. The answer to the defendant's first point.[3]

---

* The paper books did not show clearly what they were.

Arguments.

4. The answer to the defendant's second point.[4]

*Mr. W. B. Chapman,* (with him *Mr. John B. Chapman*), for the plaintiff in error:

1. The evidence discloses the fact that Mr. Kennedy was a silent partner, and Mr. Miller the recognized head, with absolute control of the business. Mr. Miller had previously shown that the agreement for the purchase of the lumber had been made with him, and Mr. Kennedy had also previously testified that he had not seen Childs or Loomis about the transaction, never had said a word to them about it, nor they to him. How, then, could he be permitted to say on what credit the lumber was sold.

2. Is this lien to be sustained because there is a description of the buildings claimed to have been erected? If so, we answer that there is no proof that they are buildings. A shed is not a building, a barn may be. Tank- and boiler-houses generally are without floors or windows, and when they are designated by name, their character as buildings is at once made plain.

3. We anticipate the answer to this to be, that this claim is filed against the property as an oil refinery. But buildings do not constitute an oil refinery. It consists of stills, pump, tanks, pipes, condensers, fittings, etc. There is no attempt in the claim to describe the property as an oil refinery. They say, tank- and boiler-houses, pump- and tool-houses, barn, etc. The mechanics' lien law is purely a creature of statute, and cannot be extended beyond the limits prescribed. Individual cases of hardship occur. Sometimes the mechanic or the material man suffers; sometimes it is the owner of the fee. The statute leans toward neither: Reid v. Kenney, 4 W. N. 452; Tilford v. Wallace, 3 W. 141; Bolton v. Johns, 5 Pa. 149.

*Mr. Byron D. Hamlin* (with him *Mr. John Forrest*), for the defendants in error:

1. This lien was filed under the act of June 16, 1836, P. L. 698. Evidence to show on what credit materials are furnished is relevant and material, and it may be by parol: Church v. Davis, 9 W. 304; Hills v. Elliot, 16 S. & R. 56; Presb. Church v. Allison, 10 Pa. 413; White v. Miller, 18 Pa. 52; Wolf v. Batchelder, 56 Pa. 87; Hommel v. Lewis, 104 Pa. 465.

2. "The test is, whether these (engine and machinery) are a part of the original erection and necessary for the purpose for which the building was intended . . . . . When a man constructs a building for a hotel, everything of a permanent character which will pass as part of the freehold, and which is reasonably necessary to equip it for the purpose for which it is erected, is a part of such building and therefore comes within the act of 1836. This has often been said before, and we now repeat it:" Per Mr. Justice PAXSON, Dimmick v. Cook Co., 115 Pa. 573. And see Dickey's App., 115 Pa. 73.

3. A joint lien may be filed against several adjoining properties: Pennock v. Hoover, 5 R. 291; § 13, act of June 16, 1836, P. L. 699; Chambers v. Yarnall, 15 Pa. 265; Lauman's App., 8 Pa. 473; Lightfoot v. Krug, 35 Pa. 348; Pretz's App., 35 Pa. 349; Harman v. Cummings, 43 Pa. 322; Parrish's App., 83 Pa. 111.

OPINION, MR. JUSTICE PAXSON:

The only material question in this case is presented by the third assignment. By the defendant's first point the court below was asked to instruct the jury "that the property against which the alleged lien is filed is not the subject of a mechanics' lien, and the claim of the plaintiffs cannot be sustained." This point was answered in the negative.

The plaintiff in error has not furnished us with a copy of the lien, and for this reason alone we might well affirm this judgment. It is true there are some meagre statements as to its character in his "History of the Case," but they are not full and by no means satisfactory. As, however, this defect is remedied to a considerable extent by the paper book of the defendants in error, we will consider the case upon its merits.

We learn from the fragmentary statements at hand that the lien was filed for lumber furnished for and about the erection and construction of the buildings mentioned and described in the claim. The buildings appear to have been eleven in number, and are sufficiently described, and the size and character thereof given. They consisted of a boiler-house, filter-house, barrel-house, several tank-houses, pump-house, tool-house, etc., etc., the whole forming a plant known as an oil refinery. It was alleged that an oil refinery is not the subject of a lien; that

it does not necessarily require buildings, and that the structures erected were not buildings in the ordinary sense of the term, but were slight structures, without doors and windows, being little more than sheds.

The act of assembly does not designate the character of the buildings to which a mechanics' lien may attach. Of course, they must be sufficiently substantial to entitle them to the character of buildings. Nor are we embarrassed with the question whether buildings of· any description are essential to an oil refinery. An engine and boiler, for any kind of a manufactory, do not absolutely require a building to protect them. Both may stand in the open air, yet no one doubts that if an engine- and boiler-house are erected to protect them from the weather, a lien will attach for labor or materials used in their construction. Nor have we any doubt that the lien attached to the buildings in this case. They were not elaborate structures, but they were permanent and suited to the purpose for which they were erected.

The case does not require further discussion. None of the assignments of error is sustained.

Judgment affirmed.