## SAMPSON SHORT v. AMES & KEESE.

ERROR TO THE COURT OF COMMON PLEAS OF MCKEAN COUNTY.

Argued May 2, 1888—Decided October 1, 1888.

1. The act of June 16, 1836, P. L. 696, does not designate the character or kind of a building to which a mechanics' lien will attach; wherefore, any structure of a substantial and permanent character which may in any reasonable sense be known as a building, may be subjected to such lien : Short v. Miller, 120 Pa. 470.

2. But a claim filed as a lien, " for materials furnished for and about the erection and construction of several buildings and a certain oil refinery,"

without further description of the buildings, and with an erroneous description of the locality where they are situated, is radically defective, under the provisions of § 12 of said act.

3. If the claim be filed against buildings constituting in whole or in part an oil refinery, it must be entered against such structures and buildings erected in connection therewith as are the proper subjects of a mechanics' lien, and they must be so described as to be capable of identification.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 82 January Term 1888, Sup. Ct.; court below, No. 219 May Term 1887, C. P.

On April 5, 1887, upon the petition of Sampson Short, a lien creditor of Childs, Willis & Loomis, the court below ordered a feigned issue to try the validity of a certain mechanics' lien filed by F. W. Ames and O. Keese, trading as Ames & Keese, against R. H. Childs, William Willis and E. R. Loomis, trading as Childs, Willis & Loomis. In the issue as framed Ames & Keese were plaintiffs, and Sampson Short, defendant.

At the trial on June 21, 1887, it was made to appear that in the fall of 1882, Childs, Willis & Loomis completed the erection of an oil refinery in Kendall borough, and on February 12, 1883, made an assignment to Alfred Short for the benefit of creditors; that on May 17, 1883, Ames & Keese filed a claim against Childs, Willis & Loomis, for a lien under the act of June 13, 1836, P. L. 696, and its supplements, for materials furnished by them " for and about the erection and construction of several buildings and a certain oil refinery erected within the county of McKean, hereinafter more particularly described." The material parts of said claim were the following:

The said Childs, Willis & Loomis were the owners of said buildings and oil refinery at the time when the same were commenced, and with whom the contract of the said Ames & Keese therefor, was made. The amount claimed to be due to them, the said Ames & Keese, is $2,002.49. This sum is due for materials furnished, such as engines, steam pumps, stills, fittings, etc., by the said Ames & Keese, for and about the erection and construction of said buildings and oil refinery.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*

Said buildings and oil refinery are situate in the county of McKean and state of Pennsylvania and is bounded and described as follows, to wit:

Charge of Court below.

All that certain piece or parcel of land situate in Foster township, Mc-Kean county, Pennsylvania, bounded and described as follows, to wit: On the north by the Tunungwant creek; east by a small stream or gulley emptying into the said creek; south by land of Rochester & Pittsburgh Railroad; west by land of Philo Ackley; containing four and one third acres, more or less, being the same land conveyed to Childs, Willis & Loomis by Melvin Brothers, by deed dated the —— day of July, 1882. And having buildings and machinery erected thereon, consisting of boiler and boiler house, tanks and tank houses, stills, warehouse and barn, and donkey pumps, engines and fittings.

It also appeared that on July 20, 1883, Alfred Short, the assignee of Childs, Willis & Loomis, had sold the oil refinery property discharged of liens, under order of the Court of Common Pleas, and that an auditor was appointed to distribute the purchase money. During the hearing before the auditor, a rule taken to show cause why the said mechanics' claim should not be stricken off, was discharged, when this issue was applied for and awarded.

The facts and questions arising, so far as material, sufficiently appear in the charge to the jury, OLMSTED, P. J., which after reviewing the evidence proceeded:

Now that is really the question you are to determine, whether Ames & Keese, the plaintiffs, had a valid lien against the land that was assigned to Alfred Short, and from the sale of which the fund was raised that came into the court for distribution.

＊　　＊　　＊　　＊　　＊　　＊　　＊　　＊

We have been requested by defendant's counsel to answer certain points in writing, which we will now do.

1. The property against which the attempted lien is filed, is not the subject of a mechanics' lien, and the claim of the plaintiffs cannot be sustained.

Answer: We answer this point in the negative. It is one of the doubtful questions, and perhaps the doubtful question in the case.[3]

2. The articles alleged to have been furnished, and for which the attempted lien is filed, are not such as will enable a lien for them to be sustained against property of the character described in the plaintiffs' statement filed.

Answer: We answer this point in the negative. It is substantially the same question that is raised in the first point.[4]

\*     \*     \*     \*     \*     \*     \*     \*

4. Under the facts shown plaintiffs are not entitled to recover, and the verdict should be for the defendant.

Answer : We answer this point in the negative, as we cannot unqualifiedly affirm it.[2]

Now, gentlemen of the jury, we have by our answers to the legal points that have been submitted, said to you that this property, if it is what it is described to be, is such a property as may be the subject of a mechanics' lien. That question is not one, therefore, for you, and we say to you now if you believe from the evidence in the case that the plaintiffs, Ames & Keese, sold and delivered to the defendants these items that have been gone over in your presence, amounting to some $1,800 and upwards, upon the faith and credit of an erection that was to be made by Childs, Willis & Loomis upon a piece of land in Tarport, and that the last item of goods shipped was delivered, or shipped for delivery, that would be delivered, probably, on November 18th, and the lien was entered on May 17th, we say that that was within six months and within the meaning of the law.

\*     \*     \*     \*     \*     \*     \*     \*

The jury, upon the several issues of fact submitted, found for the plaintiffs, and judgment being entered, the defendant took this writ assigning as error, inter alia :

2–4. The answers to the defendant's points.[2 to 4]

*Mr. W. B. Chapman* (with him *Mr. John B. Chapman*), for the plaintiff in error :

1. The claimant is required to set forth the " locality of the building and the size and number of the stories of the same, or such other matters of description as shall be sufficient to identify the same." The object of the description is not to establish the curtilage, but simply to identify the particular structure upon which the work has been performed, or for which the material has been supplied : Johnson on Mechanics' Liens, 241, n. 39 ; Washburn v. Russel, 1 Pa. 499 ; Barclay's App., 13 Pa. 495 ; Nelson v. Campbell, 28 Pa. 156 ; Simpson v. Murray, 2 Pa. 76.

2. The land is described as in Foster township. It was actually in Kendall borough, which never was a part of Foster

township. The property against which the lien is given must be so accurately described in the claim that when judgment is obtained on the scire facias, the writ of levari facias following the claim may so designate the property and the extent of the interest therein to be sold, that a separate schedule will not be required for the guidance of the sheriff : Ely v. Wren, 90 Pa. 151 ; Simpson v. Murray, 2 Pa. 76.

3. The property is described in the claim, as " several buildings, and a certain oil refinery." Buildings only are subject to the lien of the mechanic or the material man ; the land is incidentally subject to the lien against the building. An oil refinery is not a building, nor any part of a building. The act of February 27, 1868, P. L. 212, authorizing mechanics' liens upon oil or other refineries, was never extended to McKean county. The mechanics' lien law is purely a creature of statute, and cannot be carried beyond the limits prescribed. Individual cases of hardship occur. Sometimes the mechanic or material man suffers, and sometimes it is the owner of the fee. The statute leans toward neither : Tilford v. Wallace, 3 W. 141 ; Bolton v. Johns, 5 Pa. 149. Moreover, no part of the appliances charged for were to be used in the construction of any building. Stills, tanks, pumps, boilers, pipes and fittings, constituting an oil refinery, are certainly no part of any building : Oppenheimer v. Morrell, 118 Pa. 189.

*Mr. M. H. Byles* (with him *Mr. E. McSweeney*), for the defendants in error :

1. It is not necessary that the description in a mechanics' lien should be either full or precise. If there be enough in the description of the situation and the peculiarities of the building to identify it, the statute is satisfied : McClintock v. Rush, 63 Pa. 203 ; Richardson v. Glockner, 3 Penny. 90 ; Washburn v. Russel, 1 Pa. 499; Knabb's App., 10 Pa. 186 ; Shaw v. Barnes, 5 Pa. 18 ; Kennedy v. House, 41 Pa. 39 ; Harker v. Conrad, 12 S. & R. 301 ; Springer v. Keyser, 6 Wh. 187.

2. The mechanics' lien in this case can be sustained, because the property therein designated consisted of structures or buildings into which the materials furnished by the plaintiffs entered as necessary portions, constituting when placed therein essential parts of the structures located on the land described in the

claim, the whole as completed being called an oil refinery. Parrish's App., 83 Pa. 111, is in our favor on this point. The improvements in the case at bar were of a permanent and substantial character, and in their extent and value were significant enough to give ample notice to purchasers and incumbrancers of their existence upon the land.

OPINION, MR. JUSTICE CLARK:

In Short v. Miller, 120 Pa. 470, we held that an oil refinery may be the subject of a mechanics' lien; indeed, upon the facts exhibited in that case, we held that this particular oil refinery was subject to such a lien. The act of 1836, as we said in that case, does not designate the character or kind of the building to which a mechanics' lien will attach; if the structures are of a substantial and permanent character, and may in any reasonable sense be known as buildings, they may be incumbered by lien. Nor is it of any consequence that buildings may not be considered essential to an oil refinery, if buildings are actually erected in connection therewith.

But this lien is not filed against any building by any proper description. The plaintiffs set forth in their claim for lien that it is " for materials furnished by them for and about the erection and construction of several buildings and a certain oil refinery erected, etc., particularly described," etc. The description is as follows: " Said buildings and oil refinery are situate in the county of McKean and state of Pennsylvania, and is bounded and described as follows," then follows a description of the land: " and having buildings and machinery erected thereon, consisting of boiler and boiler-house, tanks and tank-houses, stills, warehouse and barn, and donkey-pumps, engines, and fittings." It is difficult to determine whether this lien was filed against several buildings and an oil refinery, or against several buildings which with other structures constituted an oil refinery, or against an oil refinery as such, the buildings being mentioned as matter of description merely. However this may be, the description of the structures or subject of the lien is radically defective.

The twelfth section of the act of June 16, 1836, provides that the claim shall set forth " the locality of the building and the size and number of the stories of the same." In Kennedy

v. House, 41 Pa. 39, and McClintock v. Rush, 63 Pa. 203, it is said, if there be enough in the description of the locality and other peculiarities of the building to point out and identify it with reasonable certainty, it is a sufficient compliance with the requirements of the act. But in this case the buildings are not described at all. There is an attempted description of the tract or piece of land upon which the buildings and refinery are erected; even this is erroneous, however, as the land is described as being in Foster township, when in fact it is in Kendall borough; but there is no description of the structures themselves. The claim does not state whether the buildings are of brick or wood; it does not state their form, size, height, or the manner of their construction; nor does it contain any other matters of description sufficient to identify the same. It does not state whether they adjoin or are disconnected, whether they are erected as one tenement or may be separated in their use without injury; it states simply that there are several buildings and an oil refinery and that the land has buildings and machinery thereon erected, consisting of boiler and boiler-house, tanks and tank-houses, stills, warehouse and barn, and donkey-pumps, engines and fittings.

It is plain that the act of 1836 applies only to buildings erected. It seems from the evidence that an oil refinery may exist and be operated without any structure of a permanent or substantial character, which can in any reasonable sense be known as a building; if this be so, the claim must be entered against such structures and buildings erected in connection therewith, as are the proper subjects of a mechanics' lien, and they must be so described as to be capable of identification. In the case under consideration no such description is given; therefore, whether the claim is considered as a lien upon the buildings or upon the refinery, or upon all together, the lien cannot be sustained. In this view of the case it is unnecessary to consider the other questions presented.

The judgment is reversed.