# Linden Steel Co. v. Rough Run Mfg. Co., Ltd., Appellant.

*Mechanic's lien—Material-men—Abandonment of contract.*

The right of a material-man to a mechanic's lien depends on whether he furnished material on the credit of the structure of which it was to form a part, and whether it was of the kind and quality specified in the contract of the owner with the builder; it does not depend on the conduct of the builder after the materials have been furnished. The abandonment of the contract by the builder will not in such a case deprive the material-man of his lien.

*Machinery furnished to one building of manufactory.*

A mechanic's lien for machinery may be sustained against a whole manufacturing plant, although the machinery is used in only one of the buildings constituting the plant.

A material-man furnished steel to be used in the construction of pans in the pan-house of a salt works. A lien was filed against the company owning the salt works, and " against the buildings and ground covered thereby, and so much other ground immediately adjacent thereto and belonging to said company as may be necessary for the ordinary, useful pur-

poses of the same." The land was described, and each building was named, as well as the different kinds of machinery. To this was appended an accurate map of the premises, which was referred to and made part of the lien. *Held*, that the lien should be sustained.

*Destruction of buildings—Loss of lien.*

A mechanic's lien upon a whole manufacturing plant for material furnished for the construction of one of the buildings of the plant, is not lost by the destruction of the particular building for which the material was furnished.

Argued Oct. 17, 1893.   Appeal, No. 140, Oct. T., 1893, by defendant, from judgment of C. P. Butler Co., June T., 1893, No. 290, on verdict for plaintiff.   Before Green, Williams, McCollum, Mitchell, Dean and Thompson, JJ.

Scire facias sur mechanic's lien.   Before Hazen, P. J.

The facts appear by the opinion of the Supreme Court.

Plaintiff's points were as follows :

" 1. If the materials specified in the lien were of such a character as were necessary for the construction of the salt works in question, and the plaintiff in good faith sold and parted with the materials for that purpose, relying on the credit of said salt works, then the plaintiff is entitled to recover the value of the materials so furnished."   Affirmed. [6]

" 2. James Meehan, the contractor, had the right to make the contract with the plaintiff for the purchase of sufficient steel of the kind and quality necessary to build the pans for the salt works in question, and to bind the said works for the payment of the same, and any defects that might exist by reason of the pans not having been sufficiently braced to stand a given required pressure of steam, is no defence to the lien, and it is immaterial whether such insufficient bracing is due either to the negligence of the contractor or of the owner."   Affirmed. [7]

" 3. If the jury find from the evidence that the plaintiff at the instance of Meehan, the contractor, furnished steel in statement filed for the construction of pans for the salt works in question, and furnished such steel, relying on the credit of said works, then under the mechanic's lien laws the plaintiff is entitled to a lien for the value of such material, and any miscalculation made by either the owner or contractor as to the number of braces necessary to be placed in each pan is no defence to the claim of the material man."   Affirmed. [8]

" 4. It is not necessary that the book entries, bills, etc., show that the plaintiff intended to hold the buildings of the Rough Run Salt Works liable for the materials furnished. The fact that such was the intention can be shown by parol evidence establishing facts and circumstances showing on what credit the materials were furnished." Affirmed. [9]

" 5. To constitute a valid lien it is not necessary to prove a contract or understanding between the material man and the contractor that a lien would be entered for the value of the materials if they were not paid for by the contractor, nor is it necessary that the contractor know that the material man intended to enter a lien ; on the contrary the jury may find the intention of the material man from the facts and circumstances of purchase and delivery, in addition to the testimony of Mr. Loyd, from whom the materials were purchased." Affirmed. [10]

Defendant's points were as follows :

" 1. That the plaintiff having alleged in its lien filed and upon which this scire facias was issued that the materials furnished to James Meehan were for the erection and construction of certain buildings therein described on the lands and premises of the Rough Run Manufacturing Company, and it appearing from the proofs and it being admitted by the plaintiff that the said material was used in salt pans, and separate from the other buildings, and not to the said buildings generally, and that said salt pans in which said materials were used by the said Meehan were destroyed when under test by said company prior to the date of the filing of the lien in this case, and before said pans were connected with the buildings and works of said company, the lien upon which this scire facias is based cannot be sustained and the plaintiff is not entitled to recover." Refused. [1]

" 3. That it was the duty of the plaintiff to inquire into the terms and conditions of the contract between James Meehan and the Rough Run Manufacturing Company, that the plaintiff is bound by the terms and conditions of said contract in evidence, and the said contract not having been completed according to the terms and conditions thereof, and the said pans which were the subject of said contract having failed to stand the test before the same were accepted by said company, there is nothing due James Meehan under said contract, and was not at the date of the filing of this lien, and the plaintiff is not entitled to recover." Refused. [2]

" 4. That the salt pans erected and constructed by James Meehan ·were an addition to the buildings and works already erected and constructed on the premises of the Rough Run Manufacturing Company, with which the said contractor had nothing to do, and no notice having been given to the said defendant company at the time said materials were furnished, as required by the act of May 18, 1887, the lien is defective and the plaintiff is not entitled to recover. *Answer:* This point is refused." [3]

" 5. The plaintiff having failed to show that the salt pans in and to which said materials claimed for were furnished and used were in existence on the lands of the defendant company at the date of the filing of said lien, the plaintiff is not entitled to recover. *Answer:* This point is refused." [4]

" 6. That under all of the evidence and pleadings in this case the plaintiff is not entitled to recover. *Answer:* This point is·refused." [5]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1–10) instructions, quoting them.

*H. H. Goucher, S. F. Bowser* and *Stephen Cummings* with him, for appellant.—The entire system of our mechanic's lien law is predicated of a contract; where no contract exists no right of lien exists : Act of June 16, 1836, P. L. 696 ; Harlan v. Rand, 27 Pa. 514 ; Schroeder v. Galland, 134 Pa. 284 ; Tebay v. Kirkpatrick, 146 Pa. 120 ; McElroy v. Braden, 152 Pa. 78 ; Dersheimer v. Maloney, 143 Pa. 532 ; Brown v. Cowan, 110 Pa. 588.

A rule which forbids the operation of a contract to protect the owner under the mechanic's lien law beyond a stipulation in the contract against liens is within the prohibition contained in art. 1, sec. 17, of the constitution of the state, and also within the limitation in the constitution of the United States, forbidding the passage of laws " impairing the obligations of contracts: " Bronson v. Kinzie, 1 Howard, 316 ; McCracken v. Hayward, 2 Howard, 608 ; Howard v. Bugbee, 24 Howard, 461 : Green v. Biddle, 8 Wheat. 1 ; Billmeyer v. Evans, 40 Pa. 324.

The materials in this case were either furnished to a new and

independent structure from the buildings and works then in existence on the premises or they were furnished for the erection of an addition thereto; which was it? It is fatal to a lien to allege that the materials were furnished to the buildings generally when the proofs show that they were furnished for repairs only. The allagata and probata must agree. The point was directly decided in the case of Rynd v. Bakewell, 8 Pa. 460; and see Wetmore's Ap., 91 Pa. 276.

The right of lien against the land of the owner is predicated of the existence of a building or structure by which the land is benefited. When the building or structure ceases to exist the right of lien is gone: Wigton & Brook's Ap., 28 Pa. 161; Presbyterian Church v. Stettler, 26 Pa. 246.

*R. P. Scott* and *Isaac Ash, P. M. Speer* with them, for appellees.—It is the duty of the owner to see that the material furnished is properly used in the construction of the building, and if the contractor fail so to use it, or to construct the building strictly in accordance with the specifications, that is a matter entirely between the contractor and owner and cannot affect the rights of the material-man: White v. Miller, 18 Pa. 52; Linden Steel Co. v. Imperial Refining Co., 146 Pa. 4.

Under the evidence, if entitled to a lien at all, the plaintiff company is entitled to a lien against the whole plant, just as it was entered. A salt factory, such as this, is something like an oil refinery, except that the buildings composing it are if anything more substantial than those of an oil refinery. It has been held in a number of cases that the entire structure composing an oil refinery are the proper subject of a lien: Short v. Miller, 120 Pa. 470; Titusville Iron Works v. Keystone Oil Co., 130 Pa. 211; Linden Steel Co. v. Imperial Refining Co., 138 Pa. 20.

The third division of appellant's argument is based on the false assumption that the structures against which the lien was filed were destroyed and not in existence when the lien was filed.

OPINION BY MR. JUSTICE DEAN, November 6, 1893:

The Rough Run Manufacturing Company erected a number of buildings on its own land for the manufacture of salt. Be-

fore all the buildings were finished, on the 25th of May, 1892, James Meehan, a boiler maker, doing business at Franklin, Pa., entered into a written contract with the company to put up for it certain salt pans, fully described in the agreement, for the price of $3,000, to be paid $1,000 when the first pan was built and the material for the other delivered on the ground, and the remaining $2,000 when all were completed; Meehan to furnish at his own expense all the iron, bolts, braces, pillars and other material necessary in the construction of the pans. They were to be built on a brick foundation and in such manner as to withstand a steam pressure of twenty pounds to the square inch; were to be put on brick pillars, one over the other, to the number of five, at a point designated by the company apart from the other buildings. The first pan was to be completed within forty days from the date of the contract. Meehan completed the first pan and had all the material on the ground for the others within the forty days. The $1,000 was then paid him. He then proceeded with and had about completed the others. On the 9th of October, 1892, while the pans were being tested for the pressure stipulated for in the contract, they were blown up and destroyed by an explosion. The cause of the explosion does not clearly appear. Nothing was left standing but the brick foundation of the pan house.

Soon after making his contract, Meehan went to Pittsburgh, informed Henry Lloyd, vice president of the Linden Steel Company, of its terms, and contracted through him with his company for the steel plates necessary to the construction of the pans, amounting in value to about $1,200. This contract was in writing, and shows clearly the plates were furnished on the Meehan contract with the salt manufacturing company. They were shipped, and formed part of the material entering into the construction of the pans contracted to be furnished by Meehan. On the 10th of December, 1892, after the pans and pan house had been demolished by the explosion, the plaintiff, the Linden Steel Company, not having been paid by Meehan, filed a lien for the value of the steel plates against the buildings and ground appurtenant thereto, of the Salt Manufacturing Company as owner, and Meehan as contractor. Scire facias having been issued, the manufacturing company denied its liability, and the cause came on to trial before a jury. The court in-

structed the jury, that if the plates were not furnished upon the credit of the salt company's plant, and were not of the kind of steel provided for in Meehan's contract with the salt company, there could be no recovery by plaintiff; but if furnished on the credit of the works, and if of the kind contracted to be furnished by Meehan, the plaintiff was entitled to a verdict. The verdict was for plaintiff.

The defendant's assignments of error now pressed upon our consideration are in substance three, and are all based on the refusal of prayers for special instructions in the court below. They are very clearly stated by the learned counsel for defendant, substantially as follows:

1. There is no right in a material-man to recover on a mechanic's lien against a structure, where the original contractor, by reason of the abandonment and noncompletion of his contract, would not be entitled to recover as against the owner.

2. A claimant in a mechanic's lien cannot recover against several separate buildings and structures, on proof that the material was furnished to but one building distinct from the others, and that not described in the lien as an addition to buildings or structures already in existence.

3. A lien cannot be sustained against other buildings if the building for which the materials were furnished, and in which alone they were used was destroyed before the date of filing of the lien.

As to the first, the right of a material-man to his lien depends on whether he furnished the material on the credit of the structure of which it was to form a part, and whether it was of the kind and quality specified in the contract of the owner with the builder, and not on the conduct of the builder after the materials have been furnished.

"Whether the builder be the agent of the owner or an independent contractor, his appointment to the job creates a confidence in him which was not had before; and the consequences of a false confidence ought not to be borne by those who had no hand in occasioning it:" White v. Miller, 18 Pa. 52. In Linden Steel Co. v. Imperial Refining Co., 146 Pa. 4, the material delivered upon the premises was sold at sheriff's sale on an execution against the contractor, who never completed his con tract. The lien was sustained. Although there was proof of

notice to the owner by the material-man that a lien would be filed, the case did not turn on that fact. This court, in affirming the judgment, said, " The question was fairly left to the jury whether the plaintiff sold the steel in question to the Titusville Iron Works (the contractor) upon the faith of the building, and the verdict of the jury settles this question of fact." In the case before us, under the instructions of the court, the jury by their verdict have found, as a fact, that the plates were of the kind specified in Meehan's contract with the owner, and were delivered upon the credit of the building. The contract stipulated that Meehan was only to be paid the first $1,000 when the first pan was erected, and all the material for the others was delivered on the premises; having complied with this stipulation, the defendant paid him $1,000, the first installment of the price ; the plaintiffs were not bound to follow up the delivery by a supervision of the contractor, and see that he performed his contract with the owner. That was the business of the owner, who had armed him with the contract on the credit of which he purchased the material.

As to the second assignment, the lien is filed against the " Rough Run Manufacturing Company, known as the Rough Run Salt Works, and against the buildings and ground covered thereby, and so much other ground immediately adjacent thereto and belonging to said Rough Run Manufacturing Company as may be necessary for the ordinary and useful purposes of the same." This is, in effect, an averment that the whole of the buildings and machinery, including the pan house, constituted one plant, the works of the Salt Manufacturing Company. The evidence indisputably established this. Then in the third specification of the lien, the land is described and each building is named, as well as the different kinds of machinery. To this is appended an accurate map of the premises, which is referred to and made part of the lien. We have decided in many cases that this is a good lien : Short v. Miller, 120 Pa. 470 ; Short v. Ames, 121 Pa. 530 ; Linden Steel Co. v. Imperial Refining Company, 138 Pa. 10.

As to the third assignment, that the particular building into which the material entered was destroyed by the explosion before the lien was filed, this would constitute a good assignment if the lien had been against the pan house. But it was against

the works of which the pan house formed a part, and that only a small fraction of the whole subject of the lien. The cases cited, Wigton & Brooks' Appeal, 28 Pa. 161, and others, have no application to the undisputed facts here. These cases hold, that the lien attaches to the buildings primarily and the land only incidentally, because necessary to the enjoyment of the buildings. Therefore, when the buildings are destroyed, the subject of the lien is gone. But the subject of this lien, as we have already noticed, was the salt works; they are there yet, with the exception of the pan house, and the lien is unaffected by its destruction.

The able argument of defendant's counsel has not convinced us that we should overrule any of the many well settled cases on the questions raised by him; it follows we must overrule his assignments of error. There is nothing in the other assignments which calls for notice, and they have not been pressed. The judgment is affirmed, and appeal dismissed at costs of appellant.