## Keng, Appellant, *v.* Baltimore & Ohio R. R.

*Negligence—Railroads—" Stop, look and listen "—Sudden peril.*

In an action to recover damages for the death of plaintiff's wife, the case should be submitted to the jury where there is evidence that the deceased, a woman sixty years of age, with good hearing, but defective eyesight, was killed by a train running at a high speed and without giving signal; that the deceased stopped, looked and listened before going upon the track at a public crossing, and one of plaintiff's principal witnesses testified in one part of his examination that when the deceased was upon the north-bound track, or in the space between two tracks, the approaching train could have been seen one hundred yards distant, but in another part of his examination states that deceased was in the center of the track upon which the train was, before he saw the approaching train and realized her danger.

The deceased having, according to the testimony, exercised care before going into a place of danger, then, when it was apparent, she was bound to exercise care in escaping from it. Whether her first act of caution was followed, under a change of circumstances, an advance from a place of safety to one of danger, by negligence, was for the jury. By MR. JUSTICE DEAN.

Argued Feb. 8, 1893. Reargued Feb. 9, 1894. Appeal, No. 23, Jan. T., 1893, by plaintiff, Matthew Keng, from judgment of C. P. Delaware Co., June T., 1890, No. 121, entering compulsory nonsuit. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Trespass for death of plaintiff's wife. Before CLAYTON, P. J. The facts appear by the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*O. B. Dickinson*, for appellant, cited, as to defendant's negligence: R. R. v. Killips, 88 Pa. 412; R. R. v. Coon, 111 Pa. 430; Richardson v. R. R., 45 N. Y. 846; R. R. v. Lewis, 79 Pa. 43; Reeves v. R. R., 30 Pa. 454; R. R. v. Hagan, 47 Pa. 244.

As to contributory negligence: R. R. v. Werner, 89 Pa. 59; R. R. v. Rowan, 66 Pa. 393; R. R. v. Coon, 111 Pa. 430; R. R. v. Peters, 116 Pa. 206; R. R. v. Jones, 128 Pa. 308; Longenecker v. R. R., 105 Pa. 328; R. R. v. Brandtmaier, 113 Pa. 610; Ellis v. R. R., 138 Pa. 506.

*W. B. Broomall*, for appellee, cited: Carroll v. R. R., 2 Penny. 159; Moore v. R. R., 108 Pa. 349; R. R. v. Bell, 122 Pa. 58; Marland v. R. R., 123 Pa. 487; Irey v. R. R., 132 Pa. 563; Aiken v. R. R., 130 Pa. 380.

OPINION BY MR. JUSTICE DEAN, April 2, 1894:

The defendant's railroad runs with two tracks through the city of Chester; Fourteenth street, a much traveled street, crosses the railroad at an acute angle at grade. Mary L. Keng, wife of plaintiff, was a resident of the city; she was a German woman about sixty years of age; her hearing was good, but her eyesight was somewhat defective. On the morning of 13th of June, 1889, she attempted to cross the railroad at the crossing on Fourteenth street and was struck by the locomotive of defendant's passenger train and killed. The learned judge of the court below, after hearing plaintiff's evidence, directed a nonsuit, on the ground that it established contributory negligence on part of deceased, and having afterwards on motion refused to take off the nonsuit, the plaintiff brings this appeal.

On its facts, the case is a very close one, but, nevertheless, we think, after very careful consideration, the evidence as to negligence on part of deceased was for the jury.

There was evidence tending to establish negligence on part of defendant in running its passenger train at a high rate of speed in a city, and in giving no warning as it approached this crossing at which there were neither guard gates nor watchman. Further, plaintiff's evidence, if the witness Gorman be believed, showed that deceased, before stepping upon the tracks, stopped and looked both up and down the railroad for approaching trains; even took off her sun-bonnet that she might hear more distinctly; she then attempted to cross the track diagonally to reach the opposite side of the street when she was clear of the tracks; this was because of an excavation on the east side of the street on the further side of the railroad tracks. When in the act of clearing the second or last track, she was struck by the bumper or cylinder of the locomotive and killed.

The testimony of the witness Gorman is somewhat confused as to what occurred after she started to cross; in one part of his testimony he seems to state that deceased was either upon the north-bound track or in the space between the north- and south-bound tracks when the approaching train could be seen one hundred yards distant. As the train which struck her was on the south-bound track, of course she would have been safe had she then stopped; but further on in his testimony he says: "Q. Where was Mrs. Keng when you first noticed her? A. She was on the other side of the east-bound track. She stopped about five feet the other side of the east-bound track. Q. She stopped about five feet before she got to the track? A. Yes. Q. What did she do? A. She looked up and down the track. Then she started across. She was on the side next the pike when she stopped to look, then she started across, and when next she stopped she laid on the bank."

If this be the fact, then she did not stop at all after her first exhibition of caution in stopping, looking and listening before attempting to cross. Further on he says, she was in about the center of the track the train was on before he saw the approaching train and realized her danger; that is, the train was two or three seconds distant, if the other testimony of plaintiff be believed.

It was for the jury to find the circumstances from this testimony, as well as to determine the credibility of the witnesses. The deceased having according to the testimony exercised care before going into a place of danger, then, when it was apparent, she was bound to exercise care in escaping from it. Whether her first act of caution was followed, under a change of circumstances—an advance from a place of safety to one of danger—by negligence, was for the jury. Certainly, if, when she saw the train coming, as the learned judge of the court below found, she deliberately and consciously left a place of safety, either on the north-bound track or between the tracks, and attempted to leisurely cross the south-bound track in front of a locomotive, she was guilty of contributory negligence, and plaintiff cannot recover. But, in view of this evidence, whether she did so do, the law interrogates the jury, not the court.

The law applicable to inconsistent statements of witnesses, in Ely v. Pittsburgh R. Co., 158 Pa. 233, has been so clearly stated in an opinion by our Brother MITCHELL that any repetition of it is unnecessary.

The judgment is reversed and a procedendo is awarded.

Cf. Hoffmeister v. R. R., above, page 568.