## Acme Paving Co., Inc., v. Ferguson

Before Carson, P. J., Cummins and Weiner, JJ.

*McCune & Greenlee,* for plaintiff.

*Stephen D. Marriner* and *Jay W. Troutman,* for defendants.

CARSON, P. J., August 4, 1959.—Plaintiff, as a subcontractor, filed a mechanic's lien against property of Blair C. Ferguson and Anna Harvey Howard, defendants. The additional defendants, Hardy & Rankin Company and Chartiers Construction Company, contractor or contractors, are not involved in the instant proceed-

ing. Plaintiff filed a sci. fa. sur mechanic's lien for the purpose of securing a mechanic's lien upon all of defendant's property described therein, which consists of a lot fronting 165 feet on the northwest side of U. S. Traffic Route 19 and fronting on the Canonsburg-McMurray Road 361.33 feet.

For the purpose of this proceeding, the pleadings show that plaintiff was a subcontractor who furnished the material and labor for the installation of the asphalt paving covering the parking area of the said lot of ground. This paving was included in the general contract between Hardy & Rankin Company, as the general contractor, and defendant owners. The general contract was for the construction of a supermarket to be used by Loblaw, Inc. The contract included the construction of a large one-story brick veneer storeroom and the paving of the remainder of the lot to be used as a parking lot for the store customers, the whole to be used as a drive-in grocery supermarket, which market has been completed and is now in operation.

Hardy & Rankin have filed an answer denying that plaintiffs have fully complied with the terms of their contract with them; however, that issue is not before us at this time.

No payments have been made on account of the contract.

Defendant owners have filed a demurrer averring "that a claim for work done and materials furnished to construct an asphalt pavement for a parking area is not a proper subject to support a Mechanic's Lien." In view of this demurrer, all of the averments in plaintiff's mechanic's lien and sci. fa. proceedings are admitted.

The claim as filed is against all that certain one-story brick-veneer storeroom with composition roof and the lot or piece of ground with the curtilage appurtenant thereto as is more particularly bounded and described as follows:

"ALL that certain lot or piece of ground situate in the Township of Peters, County of Washington and Commonwealth of Pennsylvania, being more particularly bounded and described as follows:

"BEGINNING at a point in U. S. Traffic Route 19, leading from Washington to Pittsburgh, at a point corner common to premises now being described, lands formerly of William J. Johnston and lands formerly of A. M. Moore, later of Clarence McConnell; thence from said point of beginning and along line of lands formerly of A. M. Moore, later of Clarence McConnell, North 76° 56' 40" West 405 feet to an iron pin on line of lands heretofore conveyed by Thomas Howard, et ux, to Andrian and Juliette Bissiere by Deed dated April 1, 1931, and recorded in the Recorder's Office in Deed Book Volume 578, page 296; thence along said last mentioned lands, North 29° 44' 00" East 241.04 feet to a point in or near the center line of a public road leading from Canonsburg to McMurray, and on line of lands now or formerly of R. N. Donaldson; thence in and along said public road and along line of lands now or formerly of R. N. Donaldson, South 66° 15' 20" East 361.33 feet to a point in the intersection of said public road with aforementioned highway known as U. S. Traffic Route 19; thence in and along said U. S. Traffic Route 19, and along line of lands formerly of William J. Johnston, South 19° 45' West 165 feet to the point, the place of beginning," for certain materials furnished and labor performed in the installation and construction of the asphalt pavement covering the parking area in and about the original erection and construction of the said building.

The said materials were furnished, "according to a certain written bid contract between Hardy & Rankin Company, the general contractor, and the said Acme Paving Company, Inc., entered into on or about the 30th day of August, 1958."

The question to be decided is whether the paved parking area for a drive-in supermarket is subject to filing of the mechanic's lien, where the construction of the parking area is made a part of the general contract entered between the owners and the general contractor.

A "supermarket" is commonly known today as a place of business providing adequate parking facilities, which parking area is an essential and integral part of a "supermarket."

The Mechanic's Lien Act of June 4, 1901, P. L. 431, sec. 2, 49 PS §21, provides as follows:

"Every structure or other improvement, and the curtilage appurtenant thereto, shall be subject to a lien for the payment of all debts due to the contractor or subcontractor in the . . . construction . . . thereof . . . belonging to said structure or other improvement. . . ."

In Short v. Miller & Co., 120 Pa. 470, 476, 14 Atl. 374 (1888), an earlier case, the court said:

"The act of assembly does not designate the character of the buildings to which a mechanic's lien may attach. Of course, they must be sufficiently substantial to entitle them to the character of buildings."

The above case held that labor and materials used in the construction of tanks, pipelines and sheds composing an oil refinery were items subject to a mechanic's lien and sufficiently substantial to characterize them as part of the buildings.

The case of Yearsley v. Flanigen, 22 Pa. 489 (1854), concluded that labor and materials furnished in constructing a pavement under a contract that also provided for the construction of a building was a proper subject to be included in a mechanic's lien.

Defendant-contractors in the present case had a contract with defendant-owners to construct the store building and the paving of the area contiguous thereto,

and thus had the right to a mechanic's lien on the paved parking area under the Yearlsey case. The subcontractor plaintiff had the same rights which defendant-contractor had under the general contract to file mechanic's liens.

### Order

And now, August 4, 1959, defendant-owners' motion for a demurrer is refused. The preliminary objections are dismissed. Defendant-owners are given 20 days to file an answer.