## McCristal, Appellant *v.* Cochran, et al.

*Mechanics' lien—Sufficiency of claim.*

It is not a ground to strike off a mechanic's claim, that some of the items are insufficient.  If the claim contains one good item which is the subject of a lien, it is enough.

*Digging cellars and foundations.*

Digging cellars and foundations is a part of the erection and construction of a new building, and consequently a proper subject for a mechanics' lien.

*Demolition of old buildings.*

*Not decided,* whether the demolition of an old building preparatory to the erection of a new building is such a part of the erection of the new building, as would entitle the contractor to a mechanics' lien.

Argued Jan. 11, 1892.  Appeal No. 12, Jan. T., 1891, by plaintiff, from order of C. P. No. 1, Philadelphia Co., March T., 1890, No. 120, M. L. D., striking off a mechanic's claim.  Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Scire facias sur mechanic's claim by Robert McCristal, sub-contractor against Edwin R. Cochran, owner and Samuel Mc-Ilvain, contractor. The bill of particulars filed with the claim was as follows :

| 1889. | Dr. | | |
|---|---|---|---|
| Aug. 5 to Oct. 5. | To digging cellars and foundations, 2,000 yds. at 16¼ cents | $325 | 00 |
| Aug. 14 to Nov. 9. | Tearing down old woolen mill and back building, placing stone from old woolen mill, outbuildings and foundations at cellars of properties, 3,000 P. at 50 cents | 1500 | 00 |
| Aug. 24. | Taking off roof of old buildings | 75 | 00 |
| " | Taking out joists, floor boards and flagstones | 200 | 00 |
| " | Hauling and piling flagstones | 50 | 00 |
| Aug. and Sept. | Tearing down stack, gathering up, cleaning and piling 75,000 old bricks | 150 | 00 |
| Aug., Sept. and Oct. | Gathering up and placing old lumber in separate piles | 75 | 00 |
| Oct. 26 to Nov. 9. | Hauling stone from wall around stable | 50 | 00 |
| | | $2425 | 00 |

| Cr. | | |
|---|---|---|
| By amount remitted from contract price | $150 00 | |
| By cash on account | 1682 34 | |
| | | 1832 34 |
| Balance due claimant | | $592 66 |

On March 23, 1891, the court made absolute a rule to strike off the claim. Plaintiff appealed.

*Error assigned* was the order striking off the claim.

*J. Hazleton Mirkil*, for appellant, cited as to a claim for the demolition of an old building, Pennock v. Brown, 14 W. N. C. 44 (C. P.).

There was no argument or paper book for the appellee.

OPINION BY MR. CHIEF JUSTICE PAXSON, January 25, 1892.

The only specification of error is, that the court below erred in striking off the mechanic's claim. No opinion was filed by the learned judge, and we are left in the dark as to his reasons for his ruling. We infer, however, from the argument at bar, and the claim itself, that the alleged defect was, that most of the items contained in the bill of particulars were for tearing down an old building preparatory to the erection of the new building, for which the claim was filed. Whether such demolition is part of the erection of a new building, is a question which we do not find decided by this court in any reported case. We are not required to do it now, as the first item in the bill of particulars is sufficient to sustain the claim. It is not a ground to strike off a claim, that some of the items are insufficient. If it contains one good item, which is the subject of a lien, it is enough. Upon the trial of the scire facias a verdict may be rendered for this item, although all the other items should be excluded from the jury. The first item, above referred to in this claim, is for digging cellars and foundations, which is clearly a part of the erection and construction of the new building. We are of opinion that it was error to strike off the claim.

The judgment is reversed, the claim is reinstated, and a procedendo awarded.