## Yelen, etc., v. Gutstein et ux.

*Ivo V. Giannini*, for plaintiff.

*Ernest K. Herskovitz*, for defendants.

APONICK, J., for the court en banc, June 15, 1949.—This is on the owners' petition to strike off contractor's claim for mechanic's lien.

The claim is for $6,587.75, being the balance due for "certain materials furnished and labor performed in doing all the work in and about the original erection and construction of . . . owners' home", according to an oral contract between claimant and the owners.

The grounds urged upon us for striking off the claim are:

1. The claim fails to give the amount of the contract price referred to in the claim;

2. Certain labor items are defective in that they are lumped and fail to disclose their nature precisely;

3. Certain material items offend in the same manner, and

4. Certain enumerated items are not proper charges within the contemplation of the Mechanic's Lien Act.

The first ground is without merit. There is no requirement in the act that the amount of the contract be set forth; it is sufficient and only necessary to set forth the amount of the claim. Furthermore, an examination of the exhibit attached to, and properly part of the claim, discloses that the contract price must have been the total price of the materials and labor furnished, or $21,822.03, on which $15,426.15 has been paid, leaving a balance of $6,587.55 (including interest), for which claim is made.

The remaining grounds can be dismissed with the observation that less than all the items are under attack and hence there are some items unassailed. In McCristal v. Cochran, 147 Pa. 225 at 227, the then Chief Justice Paxson observed:

"It is not a ground to strike off a claim, that some of the items are insufficient. If it contains one good item, which is the subject of a lien, it is enough."

Can we then strike off the defective items leaving the lien stand for the valid items only? In Ott & Co. v. Duplan Silk Corp., 20 Luz. 286, our local court held:

"While it is undoubtedly in our power to strike out items of the claim as prayed for, still we are of the opinion that better practice is to object to such items in the affidavit of defense."

This practice is also recommended in 12 Standard Pa. Practice 158, §235.

Accordingly, rule to show cause why the claim should not be stricken off is discharged.