**B.N. EXCAVATING, INC., Appellant**

v.

**PBC HOLLOW–A, L.P. and PBC Hollow–B, L.P., Appellees.**

Superior Court of Pennsylvania.

Argued March 21, 2012.
Filed May 17, 2013.

Ciara C. Young, Lancaster, for appellant.

Ryan D. Harmon, Philadelphia, for appellees.

BEFORE: STEVENS, P.J., BOWES, GANTMAN, PANELLA, SHOGAN, ALLEN, LAZARUS, MUNDY, and WECHT, JJ.

OPINION BY BOWES, J.:

B.N. Excavating, Inc. ("Appellant") appeals the trial court order wherein the court sustained the preliminary objections in the nature of a demurrer filed by PBC Hollow–A, L.P. and PBC Hollow–B, L.P. ("Appellees"), struck Appellant's complaint for a mechanics' lien, and dismissed the mechanics' lien claim with prejudice. After careful review, we reverse and remand.

The trial court succinctly summarized the relevant facts and procedural history as follows:

[Appellant] filed a mechanics'. lien claim on or about June 8, 2009 in the amount of $118,670.71 against property and improvements owned by [Appellees] and known as Providence Business Park, West, Phase II, and located at 571 and 575 Hollow Road, Phoenixville, PA, 19460 ("Property"). The Property is owned by [Appellees]. [Appellant] filed a Complaint in Action upon Mechanics' Lien on August 10, 2009. [Appellant's] Mechanics' Lien claim arises from work allegedly performed by [Appellant] as subcontractor at the property pursuant to a contract between [Appellant] and Warihay Enterprises, Inc., which served as [Appellees'] general contractor. [Appellant] claims that it entered into a contract with Warihay to provide "labor and materials for excavation work, including but not limited to, a silt fence, temporary riser, emergency spillway, topsoil stripping, cut and fill, concrete pipe, sub-grading for building pad, storm water bed, rock ribbing and other site work." [Appellant] claims that it completed its work on the property on December 18, 2008, and filed its Mechanics' Lien claim within six (6) months of completion of the work. [Appellees] filed Preliminary Objections to the Complaint on the Mechanics' Lien on August 31, 2009. [Appellant] answered the Preliminary Objections on September 14, 2009. After memoranda of law were filed, oral argument on the Preliminary Objections was heard on May 14, 2010, after which [the trial court] sustained [Appellees'] Preliminary Objections.

Trial Court Opinion, 8/2/10, at 1–2 (internal citations omitted).

Appellant filed a timely notice of appeal and complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). A three-judge panel of this Court reversed the order sustaining Appellees' demurrer, ruling that it did not appear with certainty that the law precluded recovery. *En banc* review of that panel decision was granted, and the matter is now ready for disposition. Appellant raises two issues.

1. Whether the trial court erred in sustaining [Appellees'] Preliminary Objections and striking Appellant['s] ... Lien Claim based on disputed facts regarding whether the work was incidental to the erection or construction of an improvement, and without receiving evidence on the issue.

2. Whether the trial court erred in concluding that the work performed by [Appellant] was not incidental to the erection or construction of an improvement.

Appellant's brief at 4.

In sustaining Appellees' preliminary objections, the trial court concluded that our reasoning in *Sampson–Miller Associated Companies v. Landmark Realty Co.*, 224 Pa.Super. 25, 303 A.2d 43 (1973), barred Appellant's mechanics' lien for the excavation performed incident to the planned construction because Appellees averred that a structure was never erected. In *Sampson–Miller*, this Court employed a strict construction of the Mechanics' Lien Law to hold that the plain words of the Mechanics' Lien Law established that "no lien can attach to land for work unconnected to the construction of a building."[1] *Id.*

---

1. In *Bricklayers of Western Pennsylvania Combined Funds, Inc. v. Scott's Development Co.*, 41 A.3d 16 (Pa.Super.2012) *(en banc), appeal* granted, —— Pa. ——, 58 A.3d 748 (2012), this Court abrogated the *Sampson–Miller* Court's oft-cited position that the Mechanics' Lien

at 46. In reaching this conclusion, the *Sampson–Miller* Court first considered the statutory definition of erection, construction, alteration, or repair pursuant to 49 P.S. § 1201(12)(a), which included, inter alia, excavation "when such work is incidental to . . . erection, construction, alteration or repair." *See* 49 P.S. § 1201(12)(a).[2] Significantly, the Court then observed that the General Assembly intended to differentiate between situations where groundwork is performed **incidental** to construction as opposed to when groundwork is performed **independent** from construction. *Sampson–Miller, supra* at 45.

Appellant's first argument challenges the trial court's singular reliance upon Appellees' allegation that, "There is no building or structure of any type on the Property," in order to sustain the preliminary objection. *See* Appellees' Preliminary Objection at 4; Trial Court Opinion, 8/2/10, at 3. Appellant disputes the status of the property and contends that the trial court ignored reasonable inferences in the mechanics' lien claim and complaint that established that the work was performed incidental to the erection or construction of an improvement. Appellant continues that since the matter turns upon what is essentially a question of fact, the trial court dismissed its claim prematurely without first constructing a factual record to support its decision. Upon review of the pleadings in the certified record, we agree with Appellant that the trial court erred in sustaining the demurrer based upon the assertion leveled in Appellees' preliminary objections.

 We reiterate our standard of review of an order sustaining a demurrer as follows:

> When reviewing the dismissal of a complaint based upon preliminary objections in the nature of a demurrer, we treat as true all well-pleaded material, factual averments and all inferences fairly deducible therefrom. Where the preliminary objections will result in the dismissal of the action, the objections may be sustained only in cases that are clear and free from doubt. To be clear and free from doubt that dismissal is appro-

---

Law of 1963 should be strictly construed. We reasoned that the *Sampson–Miller* Court crafted the strict construction rule in contravention of § 1928(c) of the Statutory Construction Act. 1 Pa.C.S. § 1928(a). However, a close inspection of the *Bricklayers* Court's rationale reveals that our specific justification for abrogating the rule of strict construction pursuant to 1 Pa.C.S. § 1928(c) is not applicable as it relates to the portion of the statute that is relevant to the case at bar. In reaching its decision, the *Bricklayers* Court recognized that statutes that essentially were reenactments of a repealed law that had existed prior to 1937 retained and preserved their preexisting judicial interpretations. *Bricklayers, supra* at 25–26. While we ultimately held that the Mechanics' Lien Law of 1963 was not tantamount to a reenactment of the Mechanics' Lien Law of 1901, the section of the Mechanics' Lien Law of 1963 relevant to both *Sampson–Miller* and our discussion herein, 49 P.S. § 1201(12)(a), was not only adapted from the Mechanics' Lien Law of 1901, it was specifically intended to retain the then-existing decisional law. *See* 49 P.S. § 1201 Comment–Joint State Gov't Commission, Subdivision (12); *Sampson–Miller, supra* at 45. Nevertheless, our ultimate determination herein is not dependent upon the *Bricklayers* Court's characterization of *Sampson–Miller* because we would arrive at the same conclusion employing either strict or liberal construction.

2. The pertinent definitions have remained unchanged since the 1963 enactment. Section 1201(12)(a) provides as follows:

> (12) "Erection, construction, alteration or repair" includes:
> (a) Demolition, removal of improvements, excavation, grading, filling, paving and landscaping, when such work is incidental to the erection, construction, alteration or repair[.]

49 P.S. § 1201(12)(a).

priate, it must appear with certainty that the law would not permit recovery by the plaintiff upon the facts averred. Any doubt should be resolved by a refusal to sustain the objections. Moreover, we review the trial court's decision for an abuse of discretion or an error of law.

*Ira G. Steffy & Son, Inc. v. Citizens Bank of Pennsylvania,* 7 A.3d 278, 282–283 (Pa.Super.2010) (quoting *Burgoyne v. Pinecrest Community Ass'n,* 924 A.2d 675, 679 (Pa.Super.2007)). A demurrer should be sustained only when the complaint is clearly insufficient to establish the pleader's right to relief. *Ellenbogen v. PNC Bank,* 731 A.2d 175, 181 (Pa.Super.1999).

Thus, in order to review Appellees' demurrer properly, the trial court was required to determine whether the law precluded recovery notwithstanding Appellant's well-pleaded factual averments and all reasonable inferences that could be drawn therefrom. Instantly, Appellant's pleadings and attached documentation aver that it performed the excavation and preparation of building pads in accordance with Appellees' planned construction of two buildings. Specifically, Appellant's mechanics' lien claim referenced exhibits that included (1) the proposal/contract for "Providence Business Park West Phase 2;" (2) invoices for the performance of work including, *inter alia,* the creation of a construction entrance and sub-grading for two building pads; and (3) the formal notice of intention to file a mechanics' lien claim for "excavation and site work for improvements to Providence Business Park–West Phase 2." *See* Mechanics' Lien Claim, 6/8/09, Exhibits B–D. Thereafter, Appellant attached the Mechanics' Lien Claim and the identical supporting documentation to the Complaint it filed on August 10, 2009. *See* Complaint in Action Upon Mechanics' Lien Claim, 8/10/09. However, as noted *supra,* instead of applying the proper review of Appellees' demurrer, the trial court ignored the assertions Appellant actually leveled in both the mechanics' lien claim and the complaint in action upon the mechanics' lien claim. Instead, the trial court based its decision to dismiss the lien upon a single disputed averment in Appellees' preliminary objections.[3] The trial court's misapplication of the law constitutes reversible error.

■ Upon review of the pleadings and supporting documentation, we find that the reasonable inference drawn from Appellant's factual averments is that Appellant performed its excavation incidental to the proposed construction of the two-building project that Appellees failed to complete. *See Ira G. Steffy & Son, Inc., supra* at 282 ("When reviewing the dismissal of a complaint based upon preliminary objections in the nature of a demurrer, we treat as true all well-pleaded material, factual averments and all inferences fairly deducible therefrom.").

■ In view of the learned dissent's position that we misapplied our standard and scope of review in this case, we highlight that "In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, **together with the documents and exhibits attached thereto ...**" *See Foster v. UPMC*

---

**3.** In accepting the averment in Appellee's preliminary objection as true, the trial court overlooked the countervailing position contained in Appellant's response to the preliminary objections wherein it specifically denied Appellees' factual averment and stated, *inter alia,* "[Appellant's] work was in preparation for the erection of a structure." *See* Appellant's Answer to Preliminary Objections, 9/14/09, at 3.

*South Side Hospital*, 2 A.3d 655, 662 (Pa.Super.2010)(quoting *Lugo v. Farmers Pride, Inc.*, 967 A.2d 963, 966 (Pa.Super.2009) (emphasis added)). Inasmuch as the foregoing references to Appellant's pleadings establish Appellant's assertion that it performed excavation incidental to the proposed construction, the certified record refutes the dissent's repeated protestations that the pleadings are insufficient. While the dissent purports to express no opinion about the vitality of our holding in *Sampson–Miller, supra*, the dissent's position that Appellant failed to allege that a structure actually existed is founded, at least implicitly, upon its interpretation of the *Sampson–Miller* Court's holding that "no lien can attach to land for work unconnected to the construction of a building." *Id.* at 46. However, nothing in the Mechanics' Lien Law requires that a structure actually exist. While the Mechanics' Lien Law states that "improvement[s] and the estate or title of the owner to the property shall be subject to a lien[,]" and includes buildings and structures in the definition of improvements, as we explain at length *infra*, the Mechanics' Lien Law expressly provides that property is lienable for excavation performed **incidental** to the erection or construction of an improvement. *See* 49 P.S. §§ 1301, 1201(1), (12)(a).

■ As highlighted by Appellant's pleadings, the certified record belies the trial court's factual determination that the status of the property was undisputed. We addressed a similar issue in *Morehall Contracting Co., Inc. v. Brittany Estates Ltd.*, 396 Pa.Super. 265, 578 A.2d 508 (1990), and concluded that the trial court erred in sustaining a developer's demurrer to a mechanics' lien claim due to uncertainty regarding whether the subcontractor performed site work incidental to the erection of an improvement and whether the

improvement had in fact been erected. In that case, the subcontractor alleged, *inter alia*, that it "furnished labor and materials used in the erection and/or construction of ... a housing development known as 'Brittany Estates' ..." *Id.* at 510. In granting the developer's demurrer, the trial court found that the groundwork identified in the subcontractor's complaint was unrelated to the erection or construction of an improvement pursuant to § 1201(12)(a), apparently because the subcontractor did not assert that a building was erected. We reversed, finding that the subcontractor's factual averments were sufficient to establish his right to relief. Specifically, we reasoned

> The key question, then, is whether these above-mentioned factual averments show that any construction actually took place at Brittany Estates. The answer to this question is unclear because the language of the complaint gives rise to two equally plausible interpretations. The first possible interpretation is that the language above is merely a general reference to the development *plan* of Brittany Estates, containing no averment that structures were actually constructed on the site. This is the interpretation relied upon by the court below. The second interpretation, however, is that the language means what it literally states: *i.e.*, that appellant performed work "used in the erection and construction of ... a housing development known as Brittany Estates." We recognize that the court's interpretation of the complaint is plausible, and that the complaint may not be as specific as it could, or should be. However, because reasonable minds might differ regarding the interpretation of this language, we cannot hold that appellant has "clearly and without a doubt" failed to allege sufficient facts to establish his right to relief. The trial court, therefore, erred in

granting appellee's preliminary objections and dismissing appellant's complaint. *Id.* at 510–511 (emphasis in original). Accordingly, we remanded the case for further proceedings.

Alert to our standard of review and mindful of the trial court's obligation to view Appellant's factual averments and reasonable inferences as true, we cannot find that a sufficient record existed to sustain Appellees' demurrer and dismiss Appellant's claim. As this case is not clear and free from doubt, dismissal was not warranted. *See Ira G. Steffy & Son, Inc., supra* at 283 ("Any doubt should be resolved by a refusal to sustain the objections"). Considering that our Supreme Court previously sustained a mechanics' lien claim including the excavation of cellars and foundations, it is possible that Appellant's evidence regarding the site preparation and sub-grading of two building pads in the case at bar might provide a sufficient basis to attach a lien claim. *McCristal v. Cochran*, 147 Pa. 225, 23 A. 444, 445 (1892) (claim for digging cellars and foundations is clearly part of erection and construction of new building). Similarly, Appellant's installation of a stormwater bed and emergency spill way might constitute alterations or repairs to existing buildings in Appellees' business park. Accordingly, an issue of fact exists which must be explored in an evidentiary proceeding.

Next, we address Appellant's contention that the groundwork it performed was, in fact, incidental to the erection or construction of an improvement notwithstanding the trial court's interpretation of our holding in *Sampson–Miller*. Sitting en banc, we take this opportunity to revisit that decision and we hold that, to the extent *Sampson–Miller* has been construed as creating a bright-line rule that a mechan-

ics' lien can never attach to land absent an erected structure, this Court disagrees with the holding. We do not interpret Section 1201(a)(12) as equating the phrase "incidental to the erection [or] construction" with the requirement that a structure actually exist, particularly where, as here, excavation clearly was performed in preparation for planned construction.

■ Our review of this issue requires that we interpret the meaning of the term "incidental" and determine whether excavation and site preparation performed as an integral part of an unfulfilled construction plan fell within the statutory definition of erection, construction, alteration or repair pursuant to 49 P.S. § 1201(12)(a). The following legal principles are pertinent to our review. Under Pennsylvania jurisprudence, a mechanics' lien attaches to a building primarily and encumbers the appurtenant land only as a consequence of the building's location. *See Presbyterian Church v. Stettler*, 26 Pa. 246, 1856 WL 7081, *1 (1856) ("The equity of a mechanics' lien upon a building, is founded upon the labour and materials furnished by him in constructing it. That the land on which the building stands goes with the building ... is the result of necessity, because the building cannot be enjoyed without it."). Thus, it is beyond argument that a mechanics' lien cannot attach to land that is wholly unrelated to the construction of a permanent structure. However, this case is not about whether groundwork performed independent of construction can be the basis of a mechanics' lien. Instead, we must confront the more difficult question concerning whether land is lienable for groundwork and site preparation performed as an integral part of a planned construction process even if construction never occurred. For the following reasons, we find that it is.

The genesis of the proposed requirement that a structure must exist in order for a mechanics' lien to protect preliminary site work stems from the *Sampson–Miller* Court's review of the mechanics' lien statutes that preceded our 1963 law, a past provision in the Pennsylvania Constitution of 1874 that prohibited the General Assembly from broadening the scope of lien rights beyond what existed when the Constitution was adopted, and several cases that interpreted the earlier statutes.[4] *Id.* at 43–44, 45. That Court found that the law protected preliminary site work that was "connected to, and an integral part of" construction. *Id.* at 45. After compiling those cases, which addressed matters ranging from engineers' liens for services associated with the construction of a manufacturing facility to the erection of permanent outbuildings at oil refineries,[5] the *Sampson–Miller* Court noted, "In no case, however, has a lien been allowed for work on land alone where no building or permanent structure is erected." *Id.* at 45–46. It then affirmed the trial court's holding that "no lien can attach to land for work **unconnected** to the construction of a building." *Id.* at 46 (emphasis added).

In reaching its decision, the *Sampson–Miller* Court employed a narrow interpretation of the phrase "incidental to the erection, construction, alteration or repair" in order to fashion a requirement that a structure must exist in order for a mechanics' lien to attach to property that was improved by preliminary groundwork—even where the excavation was performed as an integral part of a construction plan. This point of view has at least two flaws. First, the interpretation conflicts with another section of the Mechanics' Lien Law relating to the "Right to lien in case of noncompletion of work[.]" *See* 49 P.S. § 1305. That provision explains, "[e]xcept in case of destruction by fire or other casualty, where, through no fault of the claimant, the improvement is not completed, the right to lien shall nevertheless exist." 49 P.S. § 1305. Herein, Appellant completed performance of its excavation work on December 18, 2008, and through no fault of its own, Appellees failed to complete the planned improvement. Accordingly, since the statutory definition of "improvement" includes a structure, *see* 49 P.S. § 1201(1), pursuant to § 1305, Appellant's "right to lien shall nevertheless exist" even though a structure never was erected.

Second, notwithstanding the *Sampson–Miller* Court's constricted view of the term "incidental," the plain meaning of the word does not compel such a categorical result. Webster's Desk Dictionary of the English

---

**4.** *In Parkhill v. Hendricks*, 53 Pa.Super. 9, 1913 WL 4630, *1 (1912), this Court declared the 1901 Mechanic's Lien Law unconstitutional and unenforceable insofar as it authorized a lien for "grading and sodding lawns or planting and guarding shade trees" since that activity was not connected to construction of a building and because the right to such a lien did not exist prior to the adoption of the Constitution of 1874. Specifically, we explained,

> Such work surely cannot be said to come within the provisions of the act of 1836, which contemplates only work done or materials furnished for or about the erection or construction of buildings. The work for which claim is here made was not done nor was the material furnished for or about the construction of the building, nor can it be said to be necessary thereto, as the building might very well be complete without it.

*Id.* The relevant constitutional provision was repealed in 1967.

**5.** *E.g., Alan Porter Lee, Inc. v. Du–Rite Products Co.*, 366 Pa. 548, 79 A.2d 218 (1951); *Yearsley v. Flanigen*, 22 Pa. 489 (1854); *Short v. Miller*, 120 Pa. 470, 14 A. 374 (1888); *Short v. Ames & Kees*, 121 Pa. 530, 15 A. 607 (1888); *Kinsinger v. Keasbey & Mattison Co.*, 193 Pa.Super. 383, 165 A.2d 107 (1960).

Language 457 (1990) defines "incidental," in relevant part, as "happening in . . . subordinate conjunction with something else." Similarly, Black's Law Dictionary 765 (7th ed. 1999), defines "incidental" as "Subordinate to something of greater importance; having a minor role." These definitions illustrate that the term "incidental" does not speak to the issue that the *Sampson–Miller* Court suggests.

Nevertheless, the *Sampson–Miller* Court effectively curtailed the accepted everyday definition of "incidental" and it applied a bright-line rule requiring actual construction when the statute does not call for it. While the Court lamented the inequities inherent in its perspective of the law and implored the legislature to amend the wording of the statute, ostensibly to employ a more liberal phrase than "incidental to," no amendment is needed when we actually utilize the plain language of the statute. The Mechanics' Lien Law requires only that excavation and other preliminary groundwork occur in conjunction with the erection, construction, or repair of a structure rather than as an independent, unconnected improvement to the land. The statute does not demand that the erection, construction, or repair be completed. The plain language of the law simply requires excavation and preliminary groundwork to be **connected** to a structure and not merely an independent improvement.

Moreover, the cases that the *Sampson–Miller* Court relied upon for its holding failed to address the precise issue that controls our review of the case at bar. In point of fact, structures were erected in each of those cases and the pertinent issues therein were far removed from the issue controlling the present case. *See e.g. Alan Porter Lee, Inc. v. Du–Rite Products Co.*, 366 Pa. 548, 79 A.2d 218 (1951) (limiting mechanics' lien by engineer to services for supervision of construction rather than merely planning and designing construction); *Yearsley v. Flanigen*, 22 Pa. 489 (1854) (if included in contract for construction, work for laying of pavement may be included in mechanics' lien; however, no lien attaches for pavement under separate contract); *Short v. Miller*, 120 Pa. 470, 14 A. 374 (1888) and *Short v. Ames & Kees*, 121 Pa. 530, 15 A. 607 (1888) (permitting lien for erection of permanent outbuildings associated with oil refineries); *Kinsinger v. Keasbey & Mattison Co.*, 193 Pa.Super. 383, 165 A.2d 107 (1960) (disallowing lien for installation of mechanical controls in fencing). In fact, our review of the case law relied upon by *Sampson–Miller* did not reveal a single case that actually articulated the proposed "expressions of the intentions of the legislature" that the Court ultimately felt constrained to follow in order to bar the complainant's lien claim. *Sampson–Miller, supra* at 46. At most, those cases support the uncontested proposition that a mechanics' lien must be **connected** to the construction of a building. Thus, to the extent the *Sampson–Miller* Court cited case law to bolster its ultimate position, that discussion is not enlightening.

Instantly, Appellant alleged that it performed its excavation and site work as part of a planned two-building construction project. In contrast to the facts underlying the case at bar, we observe that the relevant facts in *Sampson–Miller* did not reveal whether the excavation performed therein was part of planned construction or whether it was a completely independent improvement to the land. While it is certain from the *Sampson–Miller* Court's recitation of the facts that no structure ever was erected in that case, it is unclear whether the site work was incidental to or independent of any planned construction. As we previously observed, if the grading and excavation was performed indepen-

dent of a construction plan, then it is beyond cavil that the excavation did not fall within the parameters of 49 P.S. § 1201(12)(a). However, the facts of the current case prevent us from resolving it as straightforward as the *Sampson–Miller* Court disposed of that case. Although Appellees advocate that we employ a general reading of *Sampson–Miller* and dismiss the lack of factual clarity in that case as irrelevant, we are compelled to confront the troubling nuances because they affect the precise issue controlling the outcome of this case, *i.e.*, whether the statutory phrase "incidental to erection" requires that a structure actually be built when the work clearly was performed incident to planned construction. Due to the unclear factual scenario, we read the *Sampson–Miller* Court's interpretation of the Mechanics' Lien Law against the established facts of that case. *See Oliver v. City of Pittsburgh,* 608 Pa. 386, 11 A.3d 960, 966 (2011) ("various principles governing judicial review protect against [an untenable slippage in the law], including the axiom that the holding of a judicial decision is to be read against its facts"). Hence, we now clarify that where, as here, excavation is performed as an integral part of a construction plan, the activity falls within 49 P.S. § 1201(12)(a) regardless of whether a structure is ever erected.[6]

Our holding is consistent with the rationale we employed in *Dollar Bank, FSB v. EM² Development Corp.,* 716 A.2d 671, 673 (Pa.Super.1998), wherein we revisited the issue concerning whether excavation and site preparation was incidental to construction pursuant to Section 1201(12)(a), and we tempered the perspective contained in *Sampson–Miller.* In contrast to the bright-line rule that the trial court herein derived from the *Sampson–Miller* Court's holding, in *Dollar Bank,* we held that when excavation and related site work is performed as part of a "continuous scheme to erect" a structure, the Mechanics' Lien Law would permit the lien to attach. *Id.* at 673.[7] While *Dollar Bank* was decided on a full factual record, a luxury we do not enjoy in this case, our refinement therein of the *Sampson–Miller* Court's principles is instructive.

In *Dollar Bank,* the Toscano Development Corporation purchased thirty undeveloped lots, excavated the land, and installed sewer lines and other infrastructure. *Id.* at 671. EM² Development purchased one of the lots in order to build a house. Dollar Bank financed the purchase and construction, and it recorded the mortgage. *Id.* at 672. During the construction, EM² Development entered into a contract with Allegheny Millwork to provide finishing materials. *Id.* However, EM² Development failed to pay for the materials, and Allegheny Millwork filed a mechanics' lien. *Id.* Thereafter, Dollar Bank foreclosed on the property and acquired the land at a sheriff's sale, which extinguished the mechanics' lien. *Id.* at 672. Allegheny Millwork then moved to set aside the sheriff's sale, arguing that the mechanics' lien had priority over the

---

6. Although neither party, nor the trial court, nor the *Sampson–Miller* Court, discusses our holding in *Alguire v. Keller,* 68 Pa.Super. 279 (1917), to the extent that this Court applied a similar categorical approach in that case in order to preclude a mechanics' lien claim for excavation under the Mechanics' Lien Law of 1901, we expressly overrule that case. *See Wheeler v. Johns–Manville Corp.,* 342 Pa.Su-

per. 473, 493 A.2d 120, 122 (1985) (between conflicting *en banc* decisions, most recent holding is precedential).

7. We repeated the "continuous scheme" principle in *City Lighting Products Co. v. Carnegie Institute,* 816 A.2d 1196 (Pa.Super.2003), albeit in a different context.

bank's mortgage. The trial court rejected Allegheny Millwork's position. *Id.*

■ Pursuant to § 1508 of the Mechanics' Lien Law of 1963, as amended, mechanics' liens take priority from the date of visible commencement of new construction. In Pennsylvania, "[t]he excavation for the foundation of the new structure is the accepted test of its commencement, to which mechanics' liens relate." *Pusey & Jones v. Pennsylvania Paper Mills,* 173 F. 634, 647 (C.C.M.D.Pa.1909). Indeed, since 1901, Pennsylvania jurisprudence has recognized the significance of excavation and other site preparation performed in connection with construction. *See* 49 P.S. § 1201 Comment–Joint State Gov't Commission, Subdivision (12), Subsection (a). Thus, on appeal, we confronted the issue of whether the mechanics' lien took effect when Toscano began its excavation, which would have preceded the mortgage, or on the date EM² Development began construction.

In order to resolve the salient issue in *Dollar Bank,* we analyzed whether the site work Toscano performed prior to EM² Development's purchase qualified as erection or construction pursuant to Section 1201(12)(a). Upon review of the facts therein, we concluded that the excavation was not incidental to construction "as evidenced by the fact that the work was not performed as part of a continuous scheme to construct a home." *Id.* at 673. Significantly, we reasoned that when Toscano performed the excavation, it was not engaged in home building, but rather, it was selling the improved lots. *Id.*

While the procedural posture of that case is not directly on point with the limited facts contained in the pleadings herein, the analysis we employed in *Dollar Bank* is applicable to the case *sub judice.* Herein, Appellant's excavation of the construction site, sub-grading of two building pads, and its construction of an underground storm water system to service the planned buildings was a necessary precedent to Appellees' plan to erect two industrial buildings on its property. Appellees' structures could not be erected until Appellant first graded the land and prepared the building pads. In contrast to groundwork that lacks any connection with construction and the property development that Toscano engaged in *Dollar Bank,* Appellant's performance in this case was essential to the scheduled erection of two new buildings and not simply the independent grading and clearing of a site merely for the sake of improving the land. In fact, the groundwork Appellant performed on the selected site was so linked with the planned erection of Appellees' two new buildings as to become an essential part of the continuous construction operation. Hence, we find that when Appellant performed its excavation and related site improvements in preparation for construction on Appellees' property, it performed acts incidental to construction or erection pursuant to section 1201(12)(a). Simply stated, unlike the character of the landscaping activities we addressed in *Parkhill, supra,* which were neither connected with nor necessary to the construction of a building, the groundwork Appellant performed herein was incidental to construction. Accordingly, in contrast to the trial court, we are not persuaded that the Mechanics' Lien Law precluded Appellant from obtaining relief under the facts of this case, especially in light of the principle that excavation is the accepted test to determine the commencement of construction. *Dollar Bank, supra; Pusey & Jones, supra* at 647.

Two decisions from the South Carolina Court of Appeals illustrate the key difference between circumstances where ex-

cavation and preliminary site work is performed incidental to construction and situations where the work is performed independent of construction. South Carolina's Mechanics' Lien Law extends to excavation and other "work of making the real estate suitable as a site for the building or structure." *See* S.C.Code Annotated § 29–5–10. In *Clo–Car Trucking Co. v. Clifflure Estates of South Carolina, Inc.*, 282 S.C. 573, 320 S.E.2d 51 (App.1984), the South Carolina Court of Appeals considered whether a mechanics' lien can exist if a structure for which site work was performed was never erected. In answering this question negatively, the court found no indication that the clearing and grading was performed in connection with the construction of a building. *Id.* at 52–53. Hence, citing, *inter alia, Sampson–Miller, supra*, the Court of Appeals held, "a mechanic's lien cannot attach to land or to an owner's interest in land where the work done is unconnected with and forms no integral part of the erection, alteration, or repair of either a building or a structure of some description." *Id.* at 54.

Later, in *A.V.A. Construction v. Santee Wando Construction*, 303 S.C. 333, 400 S.E.2d 498 (App.1990), the Court of Appeals reversed the trial court's reliance upon *Clo–Car Trucking Co.* to dismiss a contractor's mechanics' lien because no building or structure had been erected on the property that it had cleared, graded, paved, and installed a drainage system. In distinguishing the relevant facts in that case from *Clo–Car Trucking Co.*, the Court of Appeals noted that, unlike the excavation and site work performed in *Clo–Car Trucking Co.*, it was clear from the record in *A.V.A. Construction* that the work was performed in anticipation of the planned construction of a residential subdivision. *Id.* at 499–500. Thus, viewing the cases together, the South Carolina Court of Appeals applied the precise framework that applies to the case at bar. As noted *supra*, where, as here, the facts of the case indicate present or planned construction, the Mechanics' Lien Law would apply. *See also Carroll Contracting Co. v. Newsome*, 201 Mo.App. 117, 210 S.W. 114 (1918) (lien permitted for excavating cellar and foundation of building although building was not completed); *Green v. Reese*, 261 P.2d 596 (Okla.1953) (labor performed in leveling and building up certain vacant lots for future construction of building is lienable).

In light of the statutory definitions within 49 P.S. § 1201(12)(a) and the averments contained in the complaint, it does not appear with certainty that the law precludes Appellant's recovery. Accordingly, we reverse the trial court's order wherein it sustained Appellees' demurrer and dismissed Appellant's mechanics' lien with prejudice, and we remand for further proceedings.

Order reversed and case remanded. Jurisdiction relinquished.

Judge MUNDY files a Dissenting Opinion in which Judge PANELLA and Judge LAZARUS join.

DISSENTING OPINION BY MUNDY, J.:

I respectfully dissent. In my view, the Majority deviates from the limited issue of whether the trial court properly sustained Appellees' preliminary objections in the nature of a demurrer where Appellant's complaint in action upon its mechanics' lien claim failed to include any allegation to establish a required element, the existence of a structure on the property. Therefore, based on the applicable standard and scope of review, I would affirm the trial

court's order granting Appellees' preliminary objections.

Our standard of review is as follows.

A preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally insufficient. *Cardenas v. Schober*, 783 A.2d 317, 321 (Pa.Super.2001) *(citing* Pa. R.C.P. 1028(a)(4)). **"Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer."** *Id.* at 321–22. (citation omitted). All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true. *Id.* at 321. In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. **This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion.** When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case i[s] free and clear of doubt.

*Brosovic v. Nationwide Mutual Insurance Co.*, 841 A.2d 1071, 1073 (Pa.Super.2004) (citation omitted).

*Weiley v. Albert Einstein Med. Ctr.*, 51 A.3d 202, 208 (Pa.Super.2012) (emphasis added), quoting *Cooper v. Frankford Health Care Sys., Inc.*, 960 A.2d 134, 143–144 (Pa.Super.2008) (citations omitted).

In deciding whether to grant Appellees' preliminary objections in the nature of a demurrer, the trial court was required to determine whether Appellant raised a cognizable mechanics' lien claim against the property owned by Appellees.[1] The trial

---

1. Specifically, the law allows a contractor or subcontractor to file a lien against the owner's property to recover payment for labor and material costs associated with improvements made to the property. 49 P.S. § 1301. Pennsylvania's Mechanics' Lien Law specifies the following, in pertinent part.

§ 1301. **Right to lien; amount**
Every improvement and the estate or title of the owner in the property shall be subject to a lien, to be perfected as herein provided, for the payment of all debts due by the owner to the contractor or by the contractor to any of his subcontractors for labor or materials furnished **in the erection or construction, or the alteration or repair of the improvement,** provided that the amount of the claim, other than amounts determined by apportionment under section 306(b) of this act, shall exceed five hundred dollars ($500).

*Id.* (emphasis added). "Erection, construction, alteration or repair" includes the following.
(a) Demolition, removal of improvements, excavation, grading, filling, paving and landscaping, when such work is incidental to the erection, construction, alteration or repair;
(b) Initial fitting up and equipping of the improvement with fixtures, machinery and equipment suitable to the purposes for which the erection, construction, alteration or repair was intended; and
(c) Furnishing, excavating for, laying, relaying, stringing and restringing rails, ties, pipes, poles and wires, whether on the property improved or upon other property, in order to supply services to the improvement.
49 P.S. § 1201(12). Additionally, the statute defines improvement as "includ[ing] any building, structure or other improvement of

court found, "it is undisputed that the Property is still vacant and unimproved, and thus [Appellant] cannot maintain its mechanics' lien and the Preliminary Objections of [Appellee] were properly granted." Trial Court Opinion, 8/2/10, at 6. The Majority concludes the trial court erred because it "ignored the assertions Appellant actually leveled in both the mechanics' lien claim and the complaint in action upon the mechanics' lien claim ... [and] based its decision to dismiss the lien upon a single averment in Appellees' preliminary objections." Majority Opinion at 278. The Majority also asserts the trial court "overlooked the countervailing position contained in Appellant's response to the preliminary objections wherein it specifically denied Appellees' factual averment and stated, *inter alia*, '[Appellant's] work was in preparation for the erection of a structure.'" *Id.* at 278 n. 3. Further, the Majority contends that the exhibits attached to Appellant's complaint and mechanics' lien claim raise "the reasonable inference ... that Appellant performed its excavation incidental to the proposed construction of the two-building project that Appellees failed to complete." *Id.* at 278. On this basis, the Majority concludes, "the certified record belies the trial court's factual determination that the status of the property was undisputed." *Id.* at 279. However, as noted, the mechanics' lien claim and complaint are devoid of any allegation that a structure exists on the property. Therefore, the conclusions reached by the Majority result from a misapplication of the appropriate standard and scope of review. Thus, I cannot agree and respectfully dissent.

Appellant's mechanics' lien claim included a sole paragraph describing the work performed on the subject property.

4. [Appellant] entered into a contract with Warihay to **provide labor and materials for excavation work,** including but not limited to, a silt fence, temporary riser, emergency spill way, topsoil stripping, cut and fill, concrete pipe, subgrading for building pad, storm water bed, rock ripping and other site work (the "Contract"). A true and correct copy of the Contract is attached hereto and incorporated as Exhibit "B."

Appellant's Mechanics' Lien Claim, 6/8/09, at 2, ¶ 4 (emphasis added). Further, Appellant's complaint reiterates the same averment and states that the "improvement and property subject to the lien is the Providence Business Park West, Phase 2, 571 and 575 Hollow Road, Phoenixville, Pennsylvania 19460[.]" Appellant's "Complaint in Action Upon Mechanic's [sic] Lien Claim," 8/10/09, at 4, ¶ 10. Significantly, there are no allegations in Appellant's mechanics lien claim or in its complaint that the work Appellant performed was on a structure. Additionally, Appellant attached a copy of its mechanics' lien claim, with its four exhibits, to his complaint. These exhibits consist of an online printout from Montgomery County's property records, a material and labor proposal from Appellant to Warihay Enterprises, Inc., various invoices from Appellant to Warihay Enterprises, Inc.[2] and Appellant's formal notice of intention to file a Mechanics' Lien claim. None of these documents attached to Appellant's pleadings support an inference that the work was performed on a structure. Contrary to the Majority, I

---

whatsoever kind or character erected or constructed on land[.]" *Id.* § 1201(1).

**2.** These included invoices for a construction entrance, a skimmer, silt fencing, a temporary riser, an emergency spillway, concrete piping,

labor to strip topsoil, cut and fill structures, subgrade building pads, an underground storm water bed and rip rock. Appellant's Mechanics' Lien Claim, 6/8/09, at Exhibit C.

do not believe that the fact Appellant referenced "Providence Business Park, West Phase 2" in its complaint supports a "reasonable inference" that a structure exists upon which Appellant performed its work. Additionally, even if it were within our scope of review, Appellant's bald denial in his answer to Appellees' preliminary objections fails to specifically refute, with any factual support or documentary evidence, the allegation in Appellees' preliminary objections raising the instant demurrer.

Specifically, Appellees' preliminary objections stated the following.

13. There is no building or structure of any type on the Property.

Appellees' Preliminary Objections, 8/28/09, at 4–5, ¶ 13.

In response, Appellant answered as follows.

13. Denied. Upon information and belief, the work was performed in a business park complex where there are many office buildings. Further [Appellant]'s work was in preparation for the erection of a structure.

Appellant's Answer to Appellees' Preliminary Objections, 9/18/09, at 3, ¶ 13.

As the trial court aptly concluded in its Rule 1925(a) opinion,

[Appellant] asserts that its excavating work was advance preparation related to the anticipated construction of a building. Nevertheless, the buildings that may have been intended to be constructed on these parcels were not commenced and have not been built to date.

Trial Court Opinion, 8/2/10, at 3–4.

As set forth above, in making its determination, the trial court was bound by the allegations set forth in the pleadings and the exhibits attached thereto. Appellant's mechanics' lien claim and complaint both fail to aver that a structure exists on the property at issue. Additionally, Appellant has failed to attach any documentation or other evidence of the existence of a structure.

The Majority determines that the trial court erred in granting Appellees' preliminary objections by relying on *Morehall Contracting Co., Inc. v. Brittany Estates Ltd.,* 396 Pa.Super. 265, 578 A.2d 508 (1990). *See* Majority Opinion at 279. I deem *Morehall* distinguishable from the instant case. In *Morehall,* this Court reversed the trial court's order granting preliminary objections on the ground that the record was "unclear" as to whether a structure actually existed on the property. *Morehall, supra* at 511. Specifically, the appellant in *Morehall* pled that it "furnished labor and materials used in the erection and/or construction of an improvement, namely, a housing development known as 'Brittany Estates.'" *Id.* at 510. This Court concluded it was plausible "that the language means what it literally states," and that the housing development exists, thus our Court could not "hold that appellant . . . 'clearly and without a doubt' failed to allege sufficient facts to establish his right to relief." *Id.* at 510–511.

Instantly, such doubt does not exist. As previously stated above, nowhere in the pleadings does Appellant aver any structure was ever erected on the property on which it provided excavation and subgrading work. Even if such a structure had been erected, Appellant's failure to include any allegation of its existence in the pleadings was fatal. *See Weiley, supra.* Furthermore, failure to deny and plead with documentary evidence compounded the problem. Because Appellant in this case failed to plead facts or attach evidence supporting a reasonable inference that a structure existed on the subject premises, the trial court could not resolve Appellees'

preliminary objections in Appellant's favor.[3]

Accordingly, I conclude that the trial court did not commit an error of law in determining that Appellant's mechanics' lien cannot attach to the Appellees' property. As it is undisputed that the pleadings fail to allege that a building or structure was ever erected on the property, I see no need for the trial court to develop a factual record as the Majority suggests. *See* Majority Opinion at 280. Therefore, I would affirm the trial court's order sustaining Appellees' preliminary objections, striking Appellant's mechanics' lien claim, and dismissing Appellant's complaint with prejudice. Accordingly, I respectfully dissent.

---

**3.** In light of my resolution of Appellant's first issue concerning our standard of review, I express no opinion on Appellant's second issue or the Majority's treatment of *Sampson–Miller.* However, I do agree with the Majority's assertion that *Bricklayers of W. Pa. Combined Funds, Inc. v. Scott's Dev. Co.,* 41 A.3d 16 (Pa.Super.2012) (*en banc*), *appeal granted,* —— Pa. ——, 58 A.3d 748 (2012), does not apply to 49 P.S. § 1201(12)(a). *See* Majority Opinion at 276–77 n. 1.