J-A08002-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| FRED DENIG, JR., | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | | |
| v. | | |
| 501 GRANDVIEW, INC., A PENNSYLVANIA CORPORATION, AND 501 GRANDVIEW ASSOCIATES, LP, A PENNSYLVANIA LIMITED PARTNERSHIP | | |
| Appellants | | No. 1081 WDA 2013 |

Appeal from the Judgment Entered on June 6, 2013
In the Court of Common Pleas of Allegheny County
Civil Division at No.: G.D. 09-21205

BEFORE:  SHOGAN, J., OLSON, J., and WECHT, J.

CONCURRING MEMORANDUM BY WECHT, J.:        **FILED AUGUST 22, 2014**

I join the learned majority's memorandum with respect to the $9,000 award to Fred Denig, Jr., for superintendence services rendered. Furthermore, I join the majority's overall result. However, unlike the majority, I would not deem waived the challenge of 501 Grandview, Inc. ("Grandview") to the imposition of certain extra fees. Rather, I would affirm that award on the merits. I write separately to explain why.

As noted by the majority, Grandview, in its questions presented, contests the trial court's finding that Denig had completed 50% of his contracted work and the trial court's ruling that Denig was entitled to recover proportionately. Maj. Mem. at 3 (quoting Brief for Grandview at 3). It does not, however, set off a question identifying any challenge to the

extra fees imposed by the trial court. On this basis alone, the majority deems any such issue waived. Maj. Mem. at 3 n.1.

Pennsylvania Rule of Appellate Procedure 2101 calls for strict compliance with all of the appellate rules' briefing requirements: "Briefs . . . shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, **if the defects are in the brief . . . and are substantial**, the appeal or other matter may be quashed or dismissed." Pa.R.A.P. 2101. Rule 2116 provides as follows:

> The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail. The statement will be deemed to include every subsidiary question fairly comprised therein. No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.

Pa.R.A.P. 2116(a).

It cannot be disputed that Grandview failed to satisfy this rule with respect to its challenge to the trial court's decision to award Denig certain "extra" expenses, which allegedly lay outside the scope of Denig's superintendence responsibilities. Despite Rule 2116's mandatory language, our precedent and that of our sister Commonwealth Court teaches that we may overlook violations of Rule 2116 when they do not impede our review in any material way – that is to say, when such a violation is not "substantial." **See, e.g., Savoy v. Savoy**, 641 A.2d 596, 598 (Pa. Super. 1994) ("Since [the appellant's] failure to comply with [Rule 2116] does not impede our

ability to review the issues, we will address the merits of this appeal."); *Wesleyville Borough v. Erie County Bd. of Assessment Appeals*, 676 A.2d 298, 301 (Pa. Cmwlth. 1996) ("[T]his court has exercised its discretion and addressed arguments [that] have been set forth in the argument portion of a party's brief, despite that party's failure to comply with Pa.R.A.P. 2116."); *see also* Pa.R.A.P. 105 (providing that "[t]hese rules shall be liberally construed to secure the just, speedy and inexpensive determination of every matter to which they are applicable," and authorizing this Court to "disregard the requirements . . . of any of these rules . . . on its own motion"). Thus, in *Commonwealth v. Wheaton*, 598 A.2d 1017 (Pa. Super. 1991), this Court declined to find waiver despite the appellant's failure to satisfy Rule 2116, because the issue had been raised before the trial court and was addressed in the appellant's brief. *See id.* at 1018 n.1.

In this case, Grandview challenged the "extras" in question in its post-trial motions. Grandview then identified this same issue as grounds for appeal in its Rule 1925(b) concise statement of errors complained of on appeal, which is intended to apprise the trial court of its alleged error, enabling the trial court to provide this Court with a Rule 1925(a) opinion that effectively explains the reasons for the challenged ruling. *See Jiricko v. Geico Ins. Co.*, 947 A.2d 206, 210 (Pa. Super. 2008) ("Rule 1925 . . . allows the trial court to identify and focus on those issues the parties plan to raise on appeal."). Although the trial court in its Rule 1925(a) opinion did not squarely address the challenged items as a discrete issue, that omission

- 3 -

does not appear to be Grandview's fault: Grandview's Rule 1925(b) statement clearly and concisely indicated Grandview's intention to appeal the trial court's "failure to deduct extra work." Concise Statement of Errors Complained of on Appeal at 1. Indeed, Grandview identified therein the charges that it deemed objectionable. *Id.* at 1-2 ¶2. Finally, Grandview briefed at length the appropriateness of imposing these charges in a mechanics' lien proceeding. *See* Brief for Grandview at 8-12.[1]

For these reasons, I disagree with the majority's implicit determination that Grandview's failure to state this issue in the questions presented section of its brief are "substantial," as required by Rule 2101 as a precondition to waiver for such an omission. The issue has been raised and argued at every stage of the proceedings, just as required by the applicable rules of procedure. Nonetheless, I would affirm.

The invoice identifying the charges in question amounted to $8,710 of the $17,710 verdict awarded to Denig, and were allocated as follows:

| | |
|---|---|
| Bidding/Negotation | $6,000 |
| Drawings for possible adjacent Garage FD 12 hrs @ $100/hr | $1,200 |

_____

[1] Denig declined to rebut the substance of Grandview's argument with regard to the challenged items, asserting only that the omission of that issue from Grandview's statement of the questions waived that issue for purposes of appeal. *See* Brief for Denig at 5. Inasmuch as this Court has the power to overlook waiver, and has done so many times in analogous situations, Denig's gamble should have no effect upon our willingness to review the merits of Grandview's argument.

Drawings for changed Penthouse and single
unit on third through fifth floors

| | |
|---|---|
| FD 5 hours @ $100/hr | $500 |
| FD 8 hours @ $70/hr | $560 |

Drawings for additional front door

| | |
|---|---|
| FD 4.5 hours @ $100/hr | $450 |

Trial Exhibit 30. Grandview does not contest the recoverability of $6,000 for bidding/negotiation or $1,200 for the garage drawings. **See** Brief for Grandview at 10. Thus, it challenges the trial court's award in a mechanics' lien proceeding of the balance of the charges specified in the invoice, concerning drawings for the penthouse and another unit, as well as for an additional front door, charges that add up to $1,510. **Id.**[2]

Grandview maintains that the work in question was "extra work outside the scope of the contract," and, as such, "uncollectable." **Id.** Citing **Bennett v. Frederick R. Gerry Co.**, 117 A. 345 (Pa. 1922), Grandview asserts correctly, if inartfully, that our Supreme Court has held that "an architect cannot bundle a claim for services for which he has no right to file a claim with services for which he does have a right to file a claim." Brief for Grandview at 10; **see Bennett**, 117 A. at 346. Grandview acknowledges that, when an architect has supervisory responsibilities over a job, he may utilize a mechanics' lien to recover unpaid sums associated with his work on

_____

[2] The law is clear that what cannot be recovered in a mechanics' lien proceeding may be sought in a contract claim, **see Hoekstra v. Hoekstra**, 87 Pa. Super. 15, 18 (Pa. Super. 1925), and such a parallel proceeding evidently was commenced in connection with this dispute.

that job.  **See** 49 P.S. § 1201 (defining as a "contractor" for purposes of utilizing a mechanics' lien to recover for uncompensated work, in relevant part, as "an architect . . . who, by contract with the owner, express or implied, in addition to the preparation of drawings, specifications and contract documents also superintends or supervises any such erection, construction, alteration or repair"); **cf. Hoekstra v. Hoekstra**, 87 Pa. Super. 15, 18 (Pa. Super. 1925) ("[The plaintiff] can recover for his plans and drawings in this proceeding only because of the fact that they are incidental to and enhance his work of superintending and supervising the actual construction . . . .").  However, Grandview argues that, because the "extras" in question were outside the scope of the original contract for which Denig had specified supervisory responsibilities, the absence of any obligation to continue in a supervisory capacity with respect to those items precluded recovery of those charges in the instant action.

While Grandview is correct regarding the overarching proposition that work outside the scope of a construction contract, express or implied, is not recoverable in a mechanics' lien proceeding, it fails adequately to establish that the work in question herein was severable from the rest of this large project and therefore fell outside Denig's undisputed supervisory role over the bulk of the project in question.  Grandview cites scant evidence to that effect in its argument and cites only distinguishable case law.  Our law is not so monolithic as to preclude recovery for items added after the

commencement of a construction project that it is sufficient merely to cite a general proposition of law and be done with it.

In ***B.N. Excavating, Inc., v. PBC Hollow-A, L.P.***, 71 A.3d 274 (Pa. Super. 2013), this Court reaffirmed that the core proposition at work in cases such as the one at bar is only that the subject of a mechanics' lien "must be **connected** to the construction of a building." ***Id.*** at 282 (emphasis in original). Because the degree to which the work at issue in that case was "connected" to the larger job subject to the mechanics' lien presented a question of fact, that determination belonged to the fact-finder, and the trial court should not have sustained the defendant's preliminary objections. ***Id.***

Accordingly, it is Grandview's burden, unmet in this case, to spend as much time educating this Court as to **why** the items in question were unconnected to Denig's conceded supervisory role with respect to the construction project as it spends educating this Court on the legal framework against which the assessment is to be made. However, it has failed to establish any reason the fact-finder was not free to conclude that the items in question were, in fact, connected to the larger job, which, like any large construction job, was dynamic in its scope and its particulars as it progressed, or that Denig had no supervisory role with respect to those

items.  Accordingly, I would find that this argument is unavailing on its merits, and affirm the trial court's ruling upon that basis.[3]

For the foregoing reasons, I concur fully in the result reached by the majority, but do not join the majority's reliance on waiver with respect to Grandview's challenge to the trial court's award of certain "extra" expenses. Rather, I would affirm the trial court's ruling on the merits.

_____

[3] Grandview also contends that it paid $450 for the cost associated with the additional front door drawings.  It directs this Court's attention to the allegedly unrebutted testimony of Daniele Dipardo, a partner in Grandview, that Denig was paid for this charge.  Brief for Grandview at 12 (citing Notes of Testimony, 3/8/2013, at 170-71).  While DiPardo did so testify, Grandview's argument on this point is wholly conclusory, and at odds with the well-established proposition that the jury may reject even unrebutted testimony.  **See Burke v. Kennedy**, 133 A. 508, 510 (Pa. 1926) ("It cannot be said, as a matter of law, that the [fact-finder] is bound to accept evidence as true, although not contradicted by direct evidence. . . .  A witness, though unimpeached, may have such an interest in the question at issue as to affect his credibility." (citations and internal quotation marks omitted)); **see also Michultka v. Grapin**, 340 A.2d 576, 579 (Pa. Super. 1975) ("[T]he so-called rule that one is bound by the testimony of his witness, unless the witness is impeached or his testimony contradicted, today has little currency despite the fact that it is frequently parroted.").  In light of this tension between Grandview's argument and established precedent, it was incumbent on Grandview to present legal argument in support of its claim.  **See** Pa.R.A.P. 2119(a).  Grandview having failed to do so, I would find that this particular argument is waived.