J. S06034/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PIKE DEVELOPMENT CORPORATION, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ROGER COLON AND PROVIDENCIA | : | |
| DE-JESUS COLON, H/W | : | |
| | : | No. 999 EDA 2014 |
| Appellees | : | |

Appeal from the Order Entered March 3, 2014
In the Court of Common Pleas of Pike County
Civil Division No(s).: 1393-CV-2013

BEFORE: BENDER, P.J.E., LAZARUS, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:　　　　　　　　**FILED MARCH 05, 2015**

Appellant, Pikco Development Corporation, appeals from the order entered in the Pike County Court of Common Pleas sustaining Appellees', Roger Colon and Providencia De-Jesus Colon's, preliminary objections and dismissing the complaint with prejudice. Appellant contends the trial court erred in dismissing the complaint based upon a covenant intended to bind subsequent purchasers. We reverse and remand for further proceedings.

The trial court summarized the facts and procedural posture of this case as follows:

> On August 30, 2013, [Appellant] filed a Complaint against [Appellees]. The complaint alleges, *inter alia*, that

---

[*] Former Justice specially assigned to the Superior Court.

on February [13, 1991 and recorded on March 5, 1991]. [Appellant] executed a deed to Rysard Niemira and Ewa Tos. The deed was recorded at the Office of the Recorder of Deeds of Pike County and contained a covenant which is the subject of this action. On September [6], 2003, it is alleged that [Appellees] purchased the Property [from Augustyn Pyryt and Teresa Pyryt] subject to the same covenant. It is further alleged that [Appellees] subsequently breached the covenant by building a residential dwelling on the Property without giving [Appellant] the right of first refusal to construct the dwelling.

Trial Ct. Op., 3/3/14, at 1-2.

On October 30, 2013, Appellees filed Preliminary Objections in the nature of a demurrer to Appellant's Complaint. On March 3, 2014, the court sustained the preliminary objections and dismissed the complaint with prejudice. This timely appeal followed. Appellant filed a timely court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal and the trial court filed a responsive opinion.

Appellant raises the following issue for our review:

Where [Appellant's] complaint pleads the existence of a deed restriction containing words of perpetuity and actual and record notice thereof to [Appellees] Grantees, is it clear and free from doubt that [Appellant] will be unable to prove facts legally sufficient to establish a right to relief for breach of a real covenant running with the land?

Appellant's Brief at 1-2.

Appellant contends the language of the covenant was unambiguous in that it was intended to bind subsequent purchasers. *Id.* at 5. He avers that when he sold the vacant lot to Appellees' predecessors-in-title it was subject

to the restrictive covenant. *Id.* Appellant argues that Appellees had actual knowledge of the covenant and violated it. *Id.* Appellant maintains that the covenant was intended to run with the land. *Id.* at 7. We hold Appellant is due relief.

This Court has stated:

> We reiterate our standard of review of an order sustaining a demurrer as follows:
>
>> When reviewing the dismissal of a complaint based upon preliminary objections in the nature of a demurrer, we treat as true all well-pleaded material, factual averments and all inferences fairly deducible therefrom. Where the preliminary objections will result in the dismissal of the action, the objections may be sustained only in cases that are clear and free from doubt. To be clear and free from doubt that dismissal is appropriate, it must appear with certainty that the law would not permit recovery by the plaintiff upon the facts averred. **Any doubt should be resolved by a refusal to sustain the objections.** Moreover, we review the trial court's decision for an abuse of discretion or an error of law.
>
> **A demurrer should be sustained only when the complaint is clearly insufficient to establish the pleader's right to relief.**

*B.N. Excavating, Inc. v. PBC Hollow-A, L.P.*, 71 A.3d 274, 277-78 (Pa. Super. 2013) (*en banc*) (citations omitted and emphases added).

In *Juniata Valley Bank v. Martin Oil Co.*, 736 A.2d 650 (Pa. Super. 1999), this Court stated:

> It is a well established principle of law that a contract cannot impose obligations upon one who is not a party to the contract. Ordinarily, it is the party purchasing real estate that is bound by the terms of the bargain it strikes.

> When a real estate contract or deed imposes obligations on the purchaser to act or refrain from acting, those terms do not bind later owners in the purchaser's chain of title **unless the obligation runs with the land**.

*Id.* at 663 (citations omitted and emphasis added).

Unlike a covenant running with the land, "[a] personal covenant binds only the person who made the covenant, and not future successors in title." ***Treasure Lake Prop. Owners Ass'n, Inc. v. Meyer***, 832 A.2d 477, (Pa. Super. 2003).

> In contrast with a personal covenant, a covenant which is to run with the land ordinarily must affect the land and be intended to pass with it. ***Caplan v. City of Pittsburgh***, [ ] 100 A.2d 380, 383 ([Pa.] 1953). "Since the test for determining whether the promise runs with the land is whether it was so intended by its creators, **an indication that the grantees' heirs or assigns are considered bound by its terms is generally decisive of the question**." ***Leh v. Burke***, 331 A.2d 755, 760 ([Pa. Super.] 1974) (citation and footnote omitted).

***Hartzfeld v. Green Glen Corp.***, 552 A.2d 306, 309 (Pa. Super. 1989) (emphasis added), (cited with approval in ***Meyer***, 832 A.2d at 482).

In the case *sub judice*, the covenant in the deed provided:

> UNDER and SUBJECT to purchase, his/her **successors, heirs and assigns**, from the date of this deed forward, that if Purchaser intends to build a residential dwelling on Property, and Purchaser receives a bona fide construction bid from third parties, Purchaser, his **heirs successors and assigns**, shall first give notice, by certified mail, return receipt requested to Grantor and Grantor shall have the right within thirty (30) days from the receipt of such notice, to accept the bona fide construction bid, and construct the residential dwelling for Purchaser, under same terms and conditions.

Appellant's Compl., 8/30/13, at Ex. "A" (emphases added).

The trial court sustained appellees' preliminary objections and opined:

> The covenant was not placed into the deed until February of 1991 and is essentially a right of first refusal given to [Appellant]. The covenant provides that [Purchasers[1]] are to give [Appellant] the first right to construct a residential dwelling on the Property. . . . The only purpose the covenant serves is to provide [Appellant] with a personal business benefit by constructing the dwelling.

Trial Ct. Op. at 3. We disagree.

The covenant indicated that the grantee's successors, heirs, and assigns were considered bound by its terms which could be decisive of the question of whether the covenant runs with the land. *See Hartzfeld*, 552 A.2d at 309. Therefore, we find the trial court abused its discretion in sustaining Appellees' preliminary objections and dismissing the complaint with prejudice. *See B.N. Excavating, Inc.*, 71 A.3d at 277-78.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/5/2015

---

[1] We note that the trial court refers to Defendants, *i.e.*, Appellees herein. The court opined that although the covenant contained the language his/her successors, heirs, and assigns from the date of this deed forward, "the covenant is personal to the covenantor." Trial Ct. Op. at 3. We presume the court unintentionally referred to Appellees.